NO. 4-99-0852

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,

          Plaintiff-Appellee,

          v.

CARL GIVENS,

          Defendant-Appellant.

)

)

)

)

)

)

)

)

  Appeal from

  Circuit Court of 

  Vermilion County

  No. 97CF35

  Honorable

  Claudia S. Anderson,

  Judge Presiding.

_________________________________________________________________

JUSTICE KNECHT delivered the opinion of the court:

In February 1997, the State charged defendant, Carl Givens, with one count of burglary, a Class 2 felony (720 ILCS 5/19-1 (West 1996)).  In July 1999, a jury found defendant guilty as charged.  In September 1999, the trial court found defendant eligible for Class X sentencing under section 5-5-3(c)(8) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-5-3(c)(8) (West 1996) (effective until June 1, 1997)) and sentenced defendant to 18 years' imprisonment.  On appeal, defendant argues section 5-5-3(c)(8) of the Unified Code is unconstitutional.  We affirm.

I. BACKGROUND

On January 24, 1997, Keith Wil­son, the victim and owner of Wilson's Body Shop (Shop), arrived at the Shop and parked his truck across the street, leaving it unlocked.  Later, Wilson no­ticed defendant stan­ding by his truck.  Wilson noticed­ defendant had something in his hands and thought defendant had the cellular phone he kept in his truck.  Wilson began walk­ing to­ward his truck, and as he­ approached, defen­dant began running.  Wil­son went to the truck and discovered some cigarettes and his cellular phone were miss­ing.  Wilson got in his truck and pro­ceed­ed to look for defendant.

About one block away from the Shop, a neighbor in­formed Wilson he had seen a man go behind a house near the city garage.  Wilson then saw defendant near the city garage, got out of his truck, approached defendant, and asked for his cel­lular phone.  Defendant denied having Wilson's cellular phone and told Wilson he had business at the city garage.  Wilson stated he would wait for defendant to finish his business, but defendant did not go to the city garage.  Instead, defendant started running, and Wilson followed him.  As Wilson was pursuing defendant, he saw a police officer and signaled the officer to ap­pre­hend defen­dant.

Danville police officers Joseph Crippin and Richard Dicken responded to the burglary call.  Employees of the Shop informed Officer Dicken of Wilson's  pursuit of the sus­pect­ed bur­glar.  Officer Crippin drove to the area where Wil­son was last seen and saw Wilson chasing defendant.  Officer Crippin appre­hended defen­dant as Officer Dicken arrived at the scene.

After talking with Wilson, the officers traced the path of the chase and found a cellular phone, two packs of ciga­rettes, and a cigarette lighter.  Wilson identified all those items as hav­ing been taken from his truck.  John Bunting, a forensic scientist with the Illinois State Police crime lab, found no fingerprints suitable for comparison on the cellular phone.

In February 1997, the State charged defendant with burglary, and in August 1997, a jury found defendant guilty as charged.  In September 1997, the trial court sentenced defendant to 10 years' imprisonment, and defendant appealed.  This court reversed defendant's conviction and remanded the case to the trial court.  
People v. Givens
, No. 4-97-1072 (March 10, 1999) (unpublished order under Supreme Court Rule 23).  In July 1999, a jury found defendant guilty of burglary.  Because of his criminal record, the trial court found defendant eligible for sentencing as a Class X offender as provided in section 5-5-3(c)(8) of the Unified Code and sentenced him to 18 years' imprisonment.  In October 1999, the trial court denied defendant's posttrial motion, and this appeal followed.    

II. ANALYSIS

While this case was pending on appeal, the United States Supreme Court issued its decision in 
Apprendi v. New Jersey
, 530 U.S. __, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).  Defendant argues 
Apprendi
 renders section 5-5-3(c)(8) of the Unified Code unconstitutional because it does not require notice of the State seeking to sentence the defendant as a Class X offender and does not provide for a jury determination beyond a reasonable doubt as to whether the qualifying facts of section 5-5-3(c)(8) exist.  The State argues defendant has waived, 
i.e.
, forfeited, this issue on appeal because he failed to raise it in a posttrial motion.  See 
People v. Reed
, 177 Ill. 2d 389, 393, 686 N.E.2d 584, 586 (1997).   

We first address the State's forfeiture argument.  Because 
Apprendi
 was decided while defendant's case was pending on appeal, defendant could not have raised 
Apprendi
 in a posttrial motion.  Furthermore, a defendant can raise a constitutional challenge to a statute at any time.  
People v. Bryant
, 128 Ill. 2d 448, 454, 539 N.E.2d 1221, 1224 (1989).  Accordingly, we address the constitutional challenge raised by defendant.  We review the constitutionality of a statute 
de
 
novo
.  
People v. Fisher
, 184 Ill. 2d 441, 448, 705 N.E.2d 67, 71-72 (1998).

Section 5-5-3(c)(8) of the Unified Code (730 ILCS 5/5-5-3(c)(8) (West 1996) (effective until June 1, 1997)) provides, in relevant part:

"When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted of any Class 2 or greater Class felonies in Illinois, and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender.  This paragraph shall not apply unless (1) the first felony was committed after the effective date of this amendatory Act of 1977; and (2) the second felony was committed after conviction on the first; and (3) the third felony was committed after conviction on the second."

Thus, under section 5-5-3(c)(8) (730 ILCS 5/5-5-3(c)(8) (West 1996) (effective until June 1, 1997)), a trial court must sentence a defendant as a Class X offender when a defendant has prior felony convictions satisfying the statutory requirements.  See 
People v. Thomas
, 171 Ill. 2d 207, 222, 664 N.E.2d 76, 84 (1996) (Class X sentencing under section 5-5-3(c)(8) of the Unified Code is mandatory).  Section 5-5-3(c)(8) of the Unified Code does not elevate the class of the crime but merely sets forth criteria under which a defendant will be sentenced according to the guidelines for a Class X felony.  
People v. Thomas
, 171 Ill. 2d 207, 224, 664 N.E.2d 76, 85 (1996).

In 
Apprendi
, 530 U.S. __, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63, the United States Supreme Court held "
[o]ther
 
than
 
the
 
fact
 
of
 
a
 
prior
 
conviction
, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (Emphasis added.)  In support of the prior-crimes exception, the Supreme Court quoted its earlier holding in 
Almendarez-Torres v. United States
, 523 U.S. 224, 243-44, 140 L. Ed. 2d 350, 368, 118 S. Ct. 1219, 1230-31 (1998), where the Court explained "'recidivism *** is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence,'" and emphasized "'the fact that recidivism "does not relate to the commission of the offense ..."'" (
Apprendi
, 530 U.S. at __, 147 L. Ed. 2d at 454, 120 S. Ct. at 2361-62, quoting 
Almendarez-Torres
, 523 U.S. at 244, 140 L. Ed. 2d at 368, 118 S. Ct. at 1231, quoting 
Graham v. West Virginia
, 224 U.S. 616, 629, 56 L. Ed. 917, 923, 32 S. Ct. 583, 588 (1912)).  Furthermore, prior convictions have been entered pursuant to proceedings with substantial procedural safeguards of their own.  
Apprendi
, 530 U.S. __, 147 L. Ed. 2d at 453, 120 S. Ct. at 2361.  

Those same reasons for the recidivism exception recognized in 
Apprendi
 apply here.  The prior convictions providing the basis of defendant's enhanced sentence under section 5-5-3(c)(8) were obtained through proceedings with substantial procedural safeguards.  Additionally, the dates of the actions underlying those convictions can be ascertained from those proceedings.  Moreover, the factual findings required by section 5-5-3(c)(8) of the Unified Code do not relate to the commission of the underlying offense.  Accordingly, we find 
Apprendi
 does not render section 5-5-3(c)(8) of the Unified Code unconstitutional.  

Even if 
Apprendi
 applied, the error would have been harmless error.  Under section 5-5-3(c)(8) of the Unified Code, a defendant's sentence is enhanced based entirely on 
objective
, historical criteria, one's record of criminal convictions, and no limitations or restrictions are placed on its application based on mental state or any other subjective matter.  
Thomas
, 171 Ill. 2d at 222, 664 N.E.2d at 84.  At trial, defendant did not dispute he was more than 21 years old and his convictions meet the section 5-5-3(c)(8) requirements.  The evidence in the record was overwhelming both as to defendant's age and the dates of the commission of the prior felonies.  Thus, the failure to ask the jury to determine defendant's age and the dates the prior felonies were committed was harmless beyond a reasonable doubt.   

In the alternative, defendant argues should this court find 
Apprendi
 does not apply, we should still find section 5-5-3(c)(8) of the Unified Code unconstitutional because the statute does not require the trial court to make findings beyond a reasonable doubt.  Defendant contends 
Almendarez-Torres
 requires sentencing determinations that bear significantly on the severity of the sentence should be subject to a heightened standard of proof.  Contrary to defendant's assertion, the Supreme Court in 
Almendarez-Torres
, 523 U.S. at 248, 140 L. Ed. 2d at 371, 118 S. Ct. at 1233, stated:  "[W]e express no view on whether some heightened standard of proof might apply to sentencing determinations that bear significantly on the severity of sentence."

Furthermore, the Supreme Court of Illinois in 
People v. Williams
, 149 Ill. 2d 467, 492, 599 N.E.2d 913, 924 (1992), held a higher standard of proof of beyond a reasonable doubt should not be imposed for sentencing factors when a trial court finds a defendant eligible for Class X sentencing under section 5-5-3(c)(8).  We fail to see why that holding would not also apply to factors imposing Class X sentencing under the same statute. 

III. CONCLUSION

Accordingly, we affirm the judgment of the circuit court of Vermilion County.

Affirmed. 

MYERSCOUGH and COOK, JJ., concur.