THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LESLIE L. DIXON, Defendant-Appellant.

Third District    No. 3—00—0038

Opinion filed April 26, 2001.

Santiago A. Durango, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward D. Smith, State's Attorney, of Kankakee (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LYTTON delivered the opinion of the court:

Following a bench trial, defendant Leslie L. Dixon was convicted of residential burglary and possession of burglary tools (720 ILCS 5/19—3, 19—2 (West 1998)). Based on prior felony convictions, defendant was sentenced as a Class X offender to 25 years' imprisonment for residential burglary. He was sentenced to a concurrent four-year prison term for possession of burglary tools. On direct appeal, defendant claimed that (1) the trial court erred in arraigning him and accepting his jury waiver when defendant was present only by closed circuit television; and (2) his 25-year prison sentence is excessive. This court affirmed defendant's convictions and sentence in an unpublished summary order.

Defendant then filed a timely petition for rehearing, requesting that this court consider the constitutionality of his Class X sentence in light of the recent decision of the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). We hereby deny the petition for rehearing, modify our original disposition and affirm defendant's convictions and sentence.

## FACTS

On July 26, 1999, defendant was charged by information with residential burglary and possession of burglary tools. Following his first appearance, defendant appeared without objection via closed circuit television for pretrial proceedings, including his arraignment on August 11, 1999. On November 1, 1999, the date set for trial, defendant appeared again on closed circuit television and waived his right to a jury trial. After admonishing defendant of the rights he was

relinquishing and ensuring that defendant's decision was made knowingly and intelligently, the court accepted defendant's waiver and reset the cause for a bench trial. Defendant's signed waiver was filed on November 3, 1999.

At trial, the State's evidence established that on July 25, 1999, defendant forcibly entered the vacant residence of Sherri Neufeld in Kankakee, Illinois. A neighbor observed the break-in and alerted the police. The police stopped defendant in the vicinity based on the neighbor's description and a bulge in defendant's shirt. A search of defendant's person yielded a pry bar and a pair of gloves. Defendant was arrested and was subsequently positively identified by the eyewitness neighbor. Neufeld testified that she had not given defendant permission to enter her home. Based on the evidence, the trial court found defendant guilty as charged.

The presentence investigative report revealed that the 44-year-old defendant had four prior burglary convictions, including two for residential burglary, and three drug convictions. At the sentencing hearing, defense counsel had no additions or corrections to make to the presentence investigative report and acknowledged that Class X sentencing applied. The prosecutor characterized defendant as a "career burglar" and recommended a 30-year prison sentence. Defense counsel argued for a six-year minimum term. The trial court found that, on balance, the factors weighed heavily toward a lengthy prison sentence. Accordingly, the court imposed a 25-year term. Defendant's motion to reconsider the sentence as excessive was denied.

## CONSTITUTIONALITY OF SENTENCING STATUTE

We consider defendant's argument that the Class X sentencing statute is unconstitutional in light of the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). Specifically, defendant contends that section 5—5—3(c)(8) of the Unified Code of Corrections (730 ILCS 5/5—5—3(c)(8) (West 1998)) contains factors which, pursuant to *Apprendi*, must be submitted to a jury before a Class X sentence may be imposed for residential burglary.

Section 5—5—3(c)(8) provides as follows:

"When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted of any Class 2 or greater Class felonies in Illinois, and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender. This paragraph shall not apply unless (1) the first felony was committed after the effective date of this amendatory Act of 1977; and (2) the second felony was committed after conviction on the first; and (3)

the third felony was committed after conviction on the second." 730 ILCS 5/5—5—3(c)(8) (West 1998).

In *Apprendi*, the Supreme Court reviewed New Jersey's hate crime statute, which provided for an enhanced sentence upon the trial court's determination by a preponderance of the evidence that the defendant acted with racial bias. The defendant argued that due process required that the enhancement factor be alleged in the indictment and proved to a jury beyond a reasonable doubt. The Supreme Court agreed. The Court ruled that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63. The *Apprendi* Court thus carved out an exception for recidivist legislation, which had previously been found to pass constitutional muster in *Almendarez-Torres v. United States*, 523 U.S. 224, 140 L. Ed. 2d 350, 118 S. Ct. 1219 (1998).

In its discussion of the *Almendarez-Torres* exception, the *Apprendi* Court observed that Almendarez-Torres had admitted his prior convictions for serious offenses, that such convictions had been entered upon proceedings with their own substantial procedural safeguards, and that no question concerning the right to a jury trial or the standard of proof that would apply to a contested issue of fact was before the *Almendarez-Torres* Court. The certainty that procedural safeguards attached to the "fact" of Almendarez-Torres' prior convictions and the reality that he had admitted such "fact" mitigated any due process concerns. Based on these considerations, the *Apprendi* Court reaffirmed its holding in *Almendarez-Torres*. *Apprendi*, 530 U.S. at 488, 147 L. Ed. 2d at 454, 120 S. Ct. at 2362.

Defendant on rehearing argues that mandatory Class X sentencing pursuant to section 5—5—3(c)(8) violates the rule of *Apprendi* because it allows a trial judge to determine sentence enhancement factors—*i.e.*, his age and the timing, degree, number and sequence of his prior convictions—without notice and proof beyond a reasonable doubt. He argues that *Apprendi*'s endorsement of *Almendarez-Torres* was "lukewarm" and that, even accepting the viability of *Almendarez-Torres*, the sequence of his prior convictions and the requirement that defendant be "over age 21" are nonrecidivist factors that fall within the rule of *Apprendi*. In the alternative, defendant argues that due process guarantees under the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, §§ 2, 7, 8) require that section 5—5—3(c)(8) enhancement factors be proved beyond a reasonable doubt. As a second alternative, defendant proposes that, at the minimum, due process requires that sentencing enhancement factors be proved by "clear and convincing" evidence.

Following *Apprendi*, the Illinois Appellate Court upheld the constitutionality of section 5—5—3(c)(8) upon a similar challenge in *People v. Lathon*, 317 Ill. App. 3d 573, 740 N.E.2d 377 (2000), *appeal denied*, 193 Ill. 2d 594 (2001). Following a comprehensive review of *Apprendi* and its historical underpinnings, the *Lathon* court rejected the defendant's arguments. The court's concluding remarks apply with equal force here and merit repeating:

"The reasons recognized by *Apprendi* for applying the recidivism exception exist in this case and mitigate constitutional concerns regarding defendant's due process rights and jury trial guarantees. Here, procedural safeguards enhanced the validity of the defendant's prior convictions. Moreover, the defendant's prior convictions were not an essential element of the underlying offense and were not related to the commission of the underlying offense. Consequently, we hold that the mandatory Class X sentencing provision of section 5—5—3(c)(8), which provides for sentencing enhancement based on prior convictions, is constitutional and does not violate defendant's due process rights or jury trial guarantees. [Citation.] Under this mandatory Class X sentencing provision, a defendant's sentence is properly increased when the trial judge concludes at the sentencing hearing that evidence of the prior two convictions is accurate, reliable and satisfies the section 5—5—3(c)(8) statutory factors." *Lathon*, 317 Ill. App. 3d at 587, 740 N.E.2d at 386-87.

The court also rejected Lathon's contention that a heightened standard of proof should apply at sentencing hearings, noting that this argument was rejected by our supreme court in *People v. Williams*, 149 Ill. 2d 467, 599 N.E.2d 913 (1992). *Lathon*, 317 Ill. App. 3d at 587-88, 740 N.E.2d at 387-88.

In our opinion, *Lathon* is well reasoned and adequately resolves defendant's arguments in this case. Although it does not appear that Lathon argued that "over age 21" was a factor that removed section 5—5—3(c)(8) from the *Almendarez-Torres* exception and placed the statute squarely within the rule of *Apprendi*, we believe that the above-quoted rationale applies to each discrete factor of the statutory provision.

Defendant's age was neither an essential element of the underlying offense nor a factor related to committing the offense. Nor do we believe that the legislature intended that a defendant's age, as such, be an aggravating factor in the sentencing scheme. By limiting the statute's applicability to persons over age 21, the legislature simply recognized youth as a mitigating circumstance that would justify excluding youthful recidivists from unduly harsh penalties for their offenses. See *Eddings v. Oklahoma*, 455 U.S. 104, 71 L. Ed. 2d 1, 102 S.

Ct. 869 (1982). Moreover, defendant did not dispute at trial that he met all of the conditions precedent, including his age, for Class X sentencing under the statute. See *Apprendi*, 530 U.S. at 487, 147 L. Ed. 2d at 453, 120 S. Ct. at 2361 (distinguishing *Almendarez-Torres*). For these reasons, we are unwilling to hold that the statute deprived defendant of his constitutional guarantees of due process, fair notice and trial by jury.

Lastly, defendant gives no reason why this court should construe due process guarantees of this state's constitution more broadly than *Apprendi* interpreted due process under the United States Constitution. The *Apprendi* Court adequately explained why the additional due process safeguards imposed for sentencing under New Jersey's hate crime statute need not be imposed with respect to recidivist statutes. See *Lathon*, 317 Ill. App. 3d 573, 740 N.E.2d 377. We find no reason to construe this state's due process guarantees differently from their federal counterparts. We therefore hold that defendant has failed to establish that section 5—5—3(c)(8) is unconstitutional. See *Louis E. v. Spagnolo*, 186 Ill. 2d 198, 710 N.E.2d 798 (1999).

## CONCLUSION

For the reasons stated, we affirm the judgment of the circuit court of Kankakee County.

Affirmed.

HOMER, P.J., and HOLDRIDGE, J., concur.