THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HASAAN ECHOLS, Defendant-Appellant.

First District (6th Division)   No. 1—00—1066

Opinion filed October 5, 2001.

Rita A. Fry, Public Defender, of Chicago (Andrea Monsees, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Alan J. Spellberg, and Susan M. Caraher, Assistant State's Attorneys, of counsel), for the People.

JUSTICE BUCKLEY delivered the opinion of the court:

Following a bench trial, defendant Hasaan Echols was convicted of burglary and sentenced to a Class X prison term of 20 years based on his criminal history. On appeal, defendant contends the mandatory Class X sentencing provision of section 5—5—3(c)(8) of the Unified Code of Corrections (the Code) (730 ILCS 5/5—5—3(c)(8) (West 1998)) is unconstitutional because it required his sentence to be increased based on prior convictions that were not charged in the indictment, submitted to a jury and proved beyond a reasonable doubt.

Defendant was convicted of burglary, a Class 2 felony (720 ILCS 5/19—1 (West 1998)). Although a Class 2 felony provides for a possible prison sentence from three to seven years (730 ILCS 5/5—8—1(a)(5) (West 1998)), defendant's prior convictions required him to receive a Class X prison sentence based on section 5—5—3(c)(8) of the Code. A Class X prison sentence ranges from 6 to 30 years, and the court imposed a 20-year sentence. 730 ILCS 5/5—5—3(c)(8) (West 1998).

In this appeal, defendant contends that the mandatory Class X sentencing provision of section 5—5—3(c)(8) of the Code is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).

This court recently addressed and rejected defendant's exact contention in *People v. Lathon*, 317 Ill. App. 3d 573 (2000). In *Lathon*, the defendant argued that section 5—5—3(c)(8) was unconstitutional pursuant to *Apprendi* because it increased the maximum penalty to which the defendant was subject without any requirement of notice of the facts that subjected him to that increased penalty and a jury de-

termination of whether those facts existed upon proof of a reasonable doubt. This court rejected the defendant's argument, noting that a defendant's recidivism is a narrow exception to the general rule articulated in *Apprendi* that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be alleged in the charging document, submitted to a jury, and proved beyond a reasonable doubt." *Lathon*, 317 Ill. App. 3d at 587. This court determined that *Apprendi* does not render section 5—5—3(c)(8) unconstitutional because the ruling in *Apprendi* specifically excluded increased penalties based on prior convictions. *Lathon*, 317 Ill. App. 3d at 587; see also *People v. Ramos*, 318 Ill. App. 3d 181, 193 (2000). We agree and find defendant's argument without merit.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

GALLAGHER, P.J., and O'MARA FROSSARD, J., concur.