FOURTH DIVISION

NOVEMBER 8, 2001

1-99-3304

)

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Cook County.

)

v. )

)

DICKEY DUNN, ) Honorable

) Catherine Haberkorn,

Defendant-Appellant. ) Judge Presiding.

)

JUSTICE HARTMAN delivered the opinion of the court:

Defendant, Dickey Dunn, was charged by information with one count of burglary pursuant to section 19-1(a) (720 ILCS 5/19-1(a) (West 2000) (section 19-1(a))) of the Criminal Code of 1961 (720 ILCS 5/1-1 
et seq.
 (West 2000) (Criminal Code)).  Tried by the circuit court, he was found guilty and sentenced to eight years in custody of the Illinois Department of Corrections as a Class X offender.  Defendant appeals both his conviction and sentence.

The issues presented on appeal include whether:  (1) this cause should be remanded for an evidentiary hearing to determine whether a witness committed perjury at trial; (2) the circuit court erred by considering information outside the record during its deliberations; and (3) the mandatory Class X sentencing provision of section 5-5-3(c)(8) (730 ILCS 5/5-5-3(c)(8) (West 2000) (section 5-5-3(c)(8))) of the Unified Code of Corrections (730 ILCS 5/1-1-1 
et seq.
 (West 2000) (Code of Corrections)) is unconstitutional.

On July 31, 1998, at 5:00 a.m., Chicago Police Officers arrested defendant and Kenneth Wilson after observing defendant leaning into the broken rear passenger window of a parked 1998 Buick Regal, taking compact discs and audio cassettes, while Wilson sat in the passenger seat of the car.  Defendant and Wilson each were charged by information with one count of burglary under section 19-1(a), but were tried separately. 

At an August 3, 1998 preliminary hearing, the State sought to prove probable cause to hold defendant for trial.  Chicago Police Officer D. Colt, the only officer who testified at the preliminary hearing, stated that on July 31, 1998, at 5:00 a.m., while sitting in the passenger seat of his patrol car in the vicinity of 158 West Division Street, he observed defendant leaning into the broken window of a parked Buick Regal, and taking several items.  Colt did not see defendant or Wilson break the vehicle's window.  Colt then stopped defendant, who was holding compact discs and audio cassettes in his hands.  Additionally, Colt noticed a brick and shattered glass lying on the back seat of the car.  Neither the State nor defense counsel asked Colt questions regarding the presence of other officers at the scene.   

At trial, Chicago Police Officer P. Kelly testified that on the occurrence date, between 4:45 a.m. and 5:00 a.m., he was on routine patrol with his partner, Officer Bausch.  While Bausch drove their squad car east on Division Street, between LaSalle and Wells Streets, Kelly, from a distance of 35 or 40 feet, viewed defendant leaning into the rear window of a parked vehicle with half of his body in the aperture, and Wilson sitting in the passenger seat of that vehicle.  

Officer Kelly instructed Officer Bausch to make a u-turn and pull up behind the parked car.  Meanwhile defendant and Wilson left the car, crossed the street and walked in different directions.  Bausch stopped defendant and Kelly intercepted Wilson, and they returned the offenders to the parked car.  Kelly observed that the rear window of the vehicle was broken and shattered glass and a brick lay on the back seat.  Bausch recovered two compact discs and a children's audiotape from defendant and Kelly found Wilson holding audio cassettes.  Defendant and Wilson both told the officers that they had not broken the window and were "just going through the car."    

After arresting defendant and Wilson,
(footnote: 1) the officers located Charles Beach, the car owner's brother, who parked the vehicle at 158 West Division Street.  Beach went to the scene with the two officers and identified the property recovered from defendant and Wilson as his own. 

Officer Colt did not testify at trial.  Officer Kelly was not questioned about Colt being at the scene.

At the close of the State's evidence, defendant's motion for a finding of not guilty was denied.  Defendant did not testify.  The circuit court then found defendant guilty of burglary.  The court observed that the crime occurred at "Division Street somewhere between Wells and LaSalle.  It's quite lit up around there at all times of the day.  There was nothing that impeached the officer as to his ability to see the defendant in any manner." 

At defendant's sentencing hearing, the State presented evidence that defendant was convicted of two prior felonies, thereby making him subject to Class X sentencing under section 5-5-3(c)(8) of the Code of Corrections.  The circuit court found that defendant qualified as a Class X offender and sentenced him to eight years in custody of the Illinois Department of Corrections. Defendant filed a timely notice of appeal. 

I

Defendant initially asserts that this cause should be remanded for an evidentiary hearing to determine whether Officer Kelly committed perjury because he and Officer Colt each testified that they were the arresting officer who first observed him leaning into the parked car.  According to defendant, because Kelly never mentioned the presence of Colt at the scene and Colt did not testify as to Kelly's presence, a question is raised as to whether one of the officers was lying.
(footnote: 2)
 The State responds that defendant's reliance on Officer Colt's preliminary hearing testimony is improper because it was not presented to the circuit court at trial and does not suggest that Officer Kelly committed perjury.  Also, the State argues that defendant has waived this argument for review since he failed to raise the issue of perjury at trial and in his post-trial motion.

To preserve an issue for appeal, a litigant must raise the issue at trial and in a post-trial motion.  
People v. Enoch
, 122 Ill. 2d 176, 186, 522 N.E.2d 1124 (1988) (
Enoch
).  Although failure to raise an issue at trial or in a post-trial motion may waive that issue for review, the rule of waiver is a limitation on the parties and not on the courts, and a reviewing court may ignore the waiver rule in order to achieve a just result.  
People v. Lopez
, 152 Ill. App. 3d 667, 676, 504 N.E.2d 862 (1987).  Here, because defendant's claim that he was convicted on perjured testimony sufficiently alleges a violation of substantial constitutional rights, his argument will be considered under the plain error rule.  See 
People v. Thomas
, 178 Ill. 2d 215, 235, 687 N.E.2d 892 (1997); 134 Ill. 2d R. 615(a).

Claims of perjury generally will not be considered in reviewing a judgment of conviction in most cases, where the issue has not been presented to or passed upon by the circuit court and the facts in support of the claim do not appear in the record.  
People v. Macias
, 39 Ill. 2d 208, 211, 234 N.E.2d 783 (1968) (
Macias
), citing 
People v. Grayson
, 29 Ill. 2d 229, 193 N.E.2d 801 (1963).  The supreme court in 
Macias
 observed that the Post-Conviction Hearing Act 
(725 ILCS 5/122-1 
et seq.
 (West 2000))
 is  the appropriate remedy for assertion of a perjury claim so that the prosecution may have an opportunity to offer evidence to meet it.  39 Ill. 2d at 211-12.

The principle of reviewing court preclusion from considering evidence never presented to the factfinder applies to situations as in the present case, where defendant supplements the record on appeal with a pretrial hearing transcript that previously was not introduced at trial.  See 
People v. Owens
, 46 Ill. App. 3d 978, 988-89, 361 N.E.2d 644 (1977) (
Owens
); 
People v. Bounds
, 36 Ill. App. 3d 330, 336, 343 N.E.2d 622 (1976) (
Bounds
).

In the instant case, neither party presented the preliminary hearing transcript to the circuit court during the course of defendant's bench trial.  As a result, the transcript was not part of the trial record and the court never considered the preliminary hearing testimony when it deliberated and found defendant guilty of burglary.  
Following 
Owens
 and 
Bounds
, Officer Colt's preliminary hearing testimony will not be considered.
(footnote: 3)
 Nevertheless, as above-noted, the fact that Officer Kelly's trial testimony failed to mention Officer Colt's presence at the scene, based on the record, is immaterial to defendant's guilt or innocence and does not suggest that Kelly committed perjury.  
People v. Henderson
, 36 Ill. App. 3d 355, 384, 344 N.E.2d 239 (1976).   The arrest report contained in the record showed both Colt and Kelly as arresting officers.  There is no necessity for an additional evidentiary hearing.

II

Next, defendant contends that his conviction should be reversed and the cause remanded for a new trial because the circuit court considered information outside the record, namely, that the area where the crime occurred was well-lighted.  Defendant insists his due process rights thereby were violated.

The State responds that defendant's failure to object to the circuit court's comments regarding the lighting and to raise the issue in his post-trial motion, resulted in waiver of this issue on appeal.  
Enoch
, 122 Ill. 2d at 186.

The supreme court previously has held that a less rigid application of the waiver rule must prevail where misconduct of the circuit judge is involved.  
People v. Tyner
, 30 Ill. 2d 101, 105, 195 N.E.2d 675 (1964); 
People v. Sprinkle
, 27 Ill. 2d 398, 399, 401, 189 N.E.2d 295 (1963).  Here, the circuit court's comments are reviewable as plain error because the court's statements affect defendant's substantial rights. 

Considering the merits of defendant's argument, the supreme court has held that the deliberations of the circuit judge in a bench trial are limited to the record made before him or her during the course of the trial.  
People v. Nelson
, 58 Ill. 2d 61, 66, 317 N.E.2d 31 (1974); 
People v. Wallenberg
, 24 Ill. 2d 350, 354, 181 N.E.2d 143 (1962) (
Wallenberg
).  A judge's determination, based upon a private investigation or private knowledge of the court, untested by cross-examination or any of the rules of evidence, constitutes a denial of due process.  
Wallenberg
, 24 Ill. 2d at 354. 

The circuit court here erred by considering facts outside the record.  In 
Wallenberg
, however, the circuit judge used evidence of his own knowledge to contradict important testimony offered by the defense.  In the present case, although the court considered the lighting on Division Street in its deliberations, defendant never raised the issue of faulty identification due to poor lighting as a defense at trial and, as a result, the court was not addressing a defense argument or alibi.  In addition, the court is not immune from knowledge of the nature of an area in the city.  See 
People v. Mack
, 17 Ill. App. 3d 352, 355, 307 N.E.2d 646 (1974); 
People v. Biocic
, 80 Ill. App. 2d 65, 70-71, 224 N.E.2d 572 (1967).

Harmless error is determined by considering the particular facts of each case and the entire record.  
People v. Traina
, 230 Ill. App. 3d 149, 154, 595 N.E.2d 635 (1992) (
Traina
).  An error is harmless where a reviewing court safely can conclude that a trial, without the error, would produce no different result.  
Traina
, 230 Ill. App. 3d at 154.  

Based on the foregoing and considering the entire record, beyond a reasonable doubt the trial would not have produced a different result without the circuit court's mention of personal knowledge of facts not in the record.  Police officers witnessed defendant take several items from the parked vehicle and apprehended him in possession of those items, which Beach subsequently identified as his belongings.  Accordingly, the circuit court's comments regarding the lighting at the scene was harmless error. 

III

Defendant, citing 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000) (
Apprendi
), next argues that the mandatory Class X sentencing provision of section 5-5-3(c)(8)
(footnote: 4) violates his right to due process and trial by jury because it subjects him to increased punishment without notice or a jury finding upon proof beyond a reasonable doubt.  Defendant challenges the constitutionality of section 5-5-3(c)(8), contending that the circuit court did not have authority to sentence him as a Class X offender where the charging instrument failed to provide notice of his Class X status.

Defendant's contention was resolved by the recent appellate court decision, 
People v. Lathon
, 317 Ill. App. 3d 573, 587, 740 N.E.2d 377 (2000) (
Lathon
), where the court held that the mandatory Class X sentencing provision of section 5-5-3(c)(8), which provides for sentencing enhancement based on prior convictions, is constitutional and does not violate a defendant's due process rights or jury trial guarantees.

Defendant urges this court not to follow the holding in 
Lathon
 because, while discussing 
Almendarez-Torres v. United States
, 523 U.S. 224, 140 L. Ed. 2d 350, 118 S. Ct. 1219 (1998) (
Almendarez-Torres
) being questioned by the 
Apprendi
 decision, the 
Lathon
 court did not resolve his argument involving the specific issue of whether the rule announced in 
Apprendi
 applies to recidivism. 

The 
Lathon
 court addresses the instant defendant's concerns regarding the 
Apprendi
 court's questioning of the 
Almendarez-Torres
 decision, citing 
Jones v. United States
, 526 U.S. 227, 143 L. Ed. 2d 311, 119 S. Ct. 1215 (1999) (
Jones
).  The 
Lathon
 court contextualized the 
Apprendi
 court's comments regarding 
Almendarez-Torres
, stating that the discussion of 
Almendarez-Torres
 "ends with the 
Apprendi
 court, based on a re-examination of case law and history, confirming the opinion expressed in 
Jones
 and recognizing that prior convictions are an exception to the general rule that facts which increase a sentence beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt."  317 Ill. App. 3d at 584; 526 U.S. at 243 n. 6, 143 L. Ed. 2d at 326 n. 6, 119 S. Ct. at 1224 n. 6.  

The Supreme Court in 
Jones
 concluded that an increase in an offender's penalty because of recidivism need not be alleged in the indictment, stating 
"[t]he [
Almendarez-Torres
] Court's repeated emphasis on the distinctive significance of recidivism leaves no question that the Court regarded that fact as potentially distinguishable for constitutional purposes from other facts that might extend the range of possible sentencing."  526 U.S. at 249, 143 L. Ed. 2d at 329, 119 S. Ct. at 1227.  Explaining one basis for the constitutional distinctiveness of prior convictions, the 
Jones
 court noted, "[u]nlike virtually any other consideration used to enlarge the possible penalty for an offense, *** a prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees."  526 U.S. at 249, 143 L. Ed. 2d at 329-30, 119 S. Ct. at 1227.

The 
Apprendi
 decision endorsed the recidivism exception and articulated reasons for the exception, including the fact that procedural safeguards enhance the validity of any prior conviction, recidivism is not an essential element of the underlying criminal offense and recidivism does not relate to the commission of the underlying offense.  317 Ill. App. 3d at 585; 530 U.S. at 495-96, 147 L. Ed. 2d at 457-58, 120 S. Ct. at 2365-66. The 
Lathon
 court adopted these same reasons.  317 Ill. App. 3d at 585.

In the instant case, the prior convictions that provided the basis for defendant's enhanced sentence were obtained through procedures satisfying the fair notice, reasonable doubt and trial guarantees.  Class X sentencing qualifications pursuant to section 5-5-3(c)(8) are possible only as the result of proceedings that provided substantial procedural safeguards.  
Lathon
, 317 Ill. App. 3d at 585, 587.  The recidivism exception recognized in 
Apprendi
 is applicable here because defendant's prior convictions are not an essential element of the underlying criminal offense and the prior convictions do not relate to the commission of the underlying offense.  
Lathon
, 317 Ill. App. 3d at 585.  As a result, 
when defendant's punishment was increased based on prior convictions, those convictions need not have been alleged in the charging document, submitted for trial or proved beyond a reasonable doubt.  317 Ill. App. 3d at 587.

Defendant insists that 
Lathon
 did not address the distinction between general recidivism and "additional facts" apart from the mere existence of prior convictions, which must be present in order  to qualify his sentencing as a Class X offender.  Our supreme court in 
People v. Jameson
, 162 Ill. 2d 282, 290-91, 642 N.E.2d 1207 (1994) (
Jameson
) analyzed one additional fact specific to this case, namely, lack of notice of increased punishment.  The 
Jameson
 court found that defendant must receive notice of the 
offense
 with which he is charged, but not the 
sentence
 imposed.  162 Ill. 2d at 290-92.  According to the supreme court, "[a] criminal defendant has no corresponding due process right to receive pretrial notice of the sentence he will receive upon conviction."  
Jameson
, 162 Ill. 2d at 291.

Defendant additionally avers that his age, the specific timing, degree, number and sequence of his prior convictions are all facts which had to be submitted to a jury under 
Apprendi
 prior to his sentencing as a Class X offender.  The jury, however, plays no role here in imposing punishment.  
People v. Neeley
, 18 Ill. App. 3d 287, 309 N.E.2d 725 (1974).  Further, presenting these "facts" would have forced the State to introduce evidence of prior crimes during the guilt phase of defendant's trial, posing the risk of significant prejudice to defendant.  
Spencer v. Texas
, 385 U.S. 554, 560, 17 L. Ed. 2d 606, 612, 87 S. Ct. 648, 651-52 (1967); 
Lathon
, 317 Ill. App. 3d at 586.  Such a procedure was not prescribed by the 
Apprendi
 court.  Section 5-5-3(c)(8) is constitutional  under 
Apprendi
. 

For the foregoing reasons, defendant's conviction and sentence are affirmed. 

Affirmed.

HOFFMAN, P.J., and THEIS, J., concurring.

FOOTNOTES
1:
Defendant's arrest report listed Officers Colt, Kelly and Bausch as the arresting officers. 

2:
Defendant also raised an ineffective assistance of counsel argument due to defense counsel's failure to introduce Colt's preliminary hearing testimony at trial.  Defendant's contention, however, does not meet the two-pronged test prescribed in 
Strickland v. Washington
, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984), requiring (1) deficient performance by trial counsel which (2) resulted in prejudice against defendant.  Here, defense counsel's failure to introduce Colt's testimony was a strategic decision, which was not prejudicial because the contradicting testimony was immaterial to the issue of defendant's guilt or innocence.

3:
People v. Laboy
, 227 Ill. App. 3d 654, 592 N.E.2d 179 (1992) (
Laboy
) and 
People v. Holmes
, 238 Ill. App. 3d 480, 606 N.E.2d 439 (1992) (
Holmes
), two cases upon which defendant relies, are inapplicable to the instant case because 
Laboy
 
involved a prior inconsistent statement of the same witness from a post-trial motion and 
Holmes
 involved the State misleading the jury as to what evidence previously had been presented at a preliminary hearing.

4:
Section 5-5-3(c)(8) provides in pertinent part:

"When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted of any Class 2 or greater Class felonies in Illinois, and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender."  730 ILCS 5/5-5-5(c)(8) (West 2000).