788 N.E.2d 1204 (2003)
338 Ill. App.3d 555
273 Ill.Dec. 328
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Maurice SMITH, Defendant-Appellant.
No. 1-01-4468.
Appellate Court of Illinois, First District, Sixth Division.
April 18, 2003.
*1205 Michael J. Pelletier, Office of the State Appellate Defender, Chicago (Adolfo Mondragon, of counsel), for Appellant.
Richard A. Devine, Cook County State's Attorney, Chicago (Renee Goldfarb and Alan J. Spellberg, of counsel), for Appellee.
Justice FROSSARD delivered the opinion of the court:
Following a bench trial defendant was found guilty of attempted aggravated robbery. Defendant was sentenced to a nine-year prison term. On appeal defendant contends the mandatory Class X sentencing provision of the Unified Code of Corrections (Code) (730 ILCS 5/5-5-3(c)(8) (West 2000)) is unconstitutional under the holding of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). For the reasons stated below, we affirm.

BACKGROUND
Santokh Bains testified that at approximately 4:30 a.m. on January 10, 2001, a man wearing a mask entered the 7-Eleven store on Pratt Street in Chicago. He indicated he had a gun and ordered Bains to open the register. A police car pulled into the parking lot and the man took off his mask, asked Bains for a pack of cigarettes and a lighter, paid Bains $5, and left the store. Bains triggered the burglar alarm and informed the police in the parking lot that a man had just attempted to rob the store. Within 10 minutes, the police returned to the store with defendant, Maurice Smith. Bains identified Smith at the show-up in the store and in court as the man who attempted to rob the store.
Smith testified that at approximately 4:30 a.m. on January 10, 2001, he bought a pack of cigarettes and a lighter from Bains at the 7-Eleven store. Smith said he had the mask on his face and his right hand inside his pocket because he was coming in from the cold. He denied indicating that he had a gun in his right coat pocket and denied ordering Bains to open the register. Smith further explained that he took the mask off to show Bains that he was not a threat.
Defendant was found guilty of attempted aggravated robbery after a bench trial. The judge imposed a nine-year Class X felony sentence pursuant to section 5-5-3(c)(8) of the Code. 730 ILCS 5/5-5-3(c)(8) (West 2000). Defendant appeals.
*1206 IMPOSITION OF CLASS X FELONY SENTENCE PURSUANT TO SECTION 5-5-3(c)(8) DOES NOT VIOLATE THE UNITED STATES CONSTITUTION
We review the constitutionality of a statute de novo. People v. Fisher, 184 Ill.2d 441, 448, 235 Ill.Dec. 454, 705 N.E.2d 67 (1998). Defendant was found guilty of attempted aggravated robbery, a Class 2 felony carrying a sentence of not less than three years and not more than seven years. A Class X felony carries a sentence of not less than 6 years and not more than 30 years. 730 ILCS 5/5-8-1(a)(3) (West 2000). Defendant's previous convictions, including 6 for armed robbery, 2 for aggravated robbery and 1 for attempted robbery, made defendant eligible for sentencing as a Class X felon under section 5-5-3(c)(8) of the Code. The trial court sentenced Smith to a nine-year prison term as a Class X felon under the Code, which states:
"When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted of any Class 2 or greater Class felonies in Illinois, and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender. This paragraph shall not apply unless (1) the first felony was committed after the effective date of this amendatory Act of 1977; and (2) the second felony was committed after conviction on the first; and (3) the third felony was committed after conviction on the second." 730 ILCS 5/5-5-3(c)(8) (West 2000).
Defendant contends section 5-5-3(c)(8) violates due process and trial by jury guaranteed by the United States Constitution. Defendant argues that pursuant to Apprendi, 530 U.S. at 466, 120 S.Ct. at 2348, 147 L.Ed.2d at 435, the State is required to submit to a jury and prove beyond a reasonable doubt the fact of defendant's age and prior convictions, and the fact of timing, degree, number, and sequence of the defendant's prior convictions.
Defendant argues that because Apprendi questions whether Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), was correctly decided, we should find that Apprendi requires prior convictions to be charged, submitted to a jury, and proved beyond a reasonable doubt and hold that Class X sentencing under section 5-5-3(c)(8) violates defendant's right to trial by jury and due process.
We note that the Court in Almendarez-Torres found no violation of defendant's constitutional rights by a federal statute authorizing the trial judge to enhance defendant's sentence based on a prior conviction. Almendarez-Torres, 523 U.S. at 247-48, 118 S.Ct. at 1233, 140 L.Ed.2d at 371. Defendant is accurate in stating that Apprendi indicated it is arguable that Almendarez-Torres was incorrectly decided. However, the meaning of that statement is better understood when not taken out of context. Regarding the correctness of the Almendarez-Torres decision, the Court in Apprendi stated, in context, the following:
"Even though it is arguable that Almendarez-Torres was incorrectly decided, and that a logical application of our reasoning today should apply if the recidivist issue were contested, Apprendi does not contest the decision's validity and we need not revisit it for purposes of our decision today to treat the case as a narrow exception to the general rule we recalled at the outset. Given its unique facts, it surely does not warrant rejection of the otherwise uniform course of decision during the entire history of our jurisprudence.

*1207 In sum, our reexamination of our cases in this area, and of the history upon which they rely, confirms the opinion that we expressed in Jones. Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. With that exception, we endorse the statement of the rule set forth in the concurring opinions in that case: `[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt.'" Apprendi, 530 U.S. at 489-90, 120 S.Ct. at 2362-63, 147 L.Ed.2d at 454-55, quoting Jones v. United States, 526 U.S. 227, 252-53, 119 S.Ct. 1215, 1228-29, 143 L.Ed.2d 311, 332 (1999) (Stevens, J., concurring).
The Apprendi Court recognized that Apprendi did not contest the validity of the Almendarez-Torres decision, but noted that it was arguable that Almendarez-Torres was incorrectly decided. However, Apprendi's discussion of Almendarez-Torres concludes with the Apprendi Court, based on a reexamination of case law and history, affirmatively confirming its opinion, previously expressed in Jones, that prior convictions are an exception to the holding that any fact which increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. Apprendi, 530 U.S. at 489-90, 120 S.Ct. at 2362-63, 147 L.Ed.2d at 454-66.
We note that Apprendi not only endorsed the recidivism exception, but articulated various reasons for the recidivism exception, including the fact that procedural safeguards enhance the validity of a prior conviction, recidivism is not an essential element of the underlying criminal offense, and recidivism does not relate to the commission of the underlying offense. Apprendi, 530 U.S. at 494-96, 120 S.Ct. at 2365-66, 147 L.Ed.2d at 457-58. These reasons support application of the Apprendi recidivism exception to the instant case. Defendant's enhanced sentence based on prior convictions was obtained through procedures satisfying the fair notice, reasonable doubt, jury trial, and due process guarantees. Jones, 526 U.S. at 249, 119 S.Ct. at 1227, 143 L.Ed.2d at 329-30 (a prior conviction, unlike any other factor used to enhance a sentence, must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees).
The Illinois appellate court has repeatedly addressed and rejected defendant's contention that section 5-5-3(c)(8) is unconstitutional under Apprendi. People v. Lathon, 317 Ill.App.3d 573, 251 Ill.Dec. 296, 740 N.E.2d 377 (1st Dist., 1st Div. 2000) (section 5-5-3(c)(8) is constitutional under Apprendi); People v. Lundy, 334 Ill.App.3d 819, 834, 268 Ill.Dec. 790, 779 N.E.2d 404 (1st Dist., 1st Div.2002) (section 5-5-3(c)(8) is constitutional under Apprendi); People v. Young, 334 Ill.App.3d 785, 794, 268 Ill.Dec. 679, 779 N.E.2d 293 (1st Dist., 1st Div.2002) (the Lathon reasoning is sound; Apprendi does not render the enhanced sentencing provision in section 5-5-3(c)(8) unconstitutional); People v. Wallace, 331 Ill.App.3d 822, 838, 265 Ill.Dec. 414, 772 N.E.2d 785 (1st Dist., 5th Div.2002) (following Lathon); People v. Jones, 328 Ill.App.3d 233, 243, 262 Ill.Dec. 115, 764 N.E.2d 1232 (1st Dist., 3d Div. 2002) (noting section 5-5-3(c)(8) does not violate Apprendi); People v. Dunn, 326 Ill.App.3d 281, 289, 260 Ill.Dec. 94, 760 N.E.2d 511 (1st Dist., 4th Div.2001) (section 5-5-3(c)(8) is constitutional under Apprendi); People v. Echols, 325 Ill.App.3d *1208 515, 516-17, 259 Ill.Dec. 470, 758 N.E.2d 878 (1st Dist., 6th Div.2001) (following Lathori); People v. Roberts, 318 Ill.App.3d 719, 729, 252 Ill.Dec. 869, 743 N.E.2d 1025 (1st Dist., 5th Div.2000) (recidivist provisions are not unconstitutional' under Apprendi); People v. Ramos, 318 Ill.App.3d 181, 193, 252 Ill.Dec. 225, 742 N.E.2d 763 (1st Dist., 4th Div.2000) (Apprendi exempts recidivist statutes); People v. Watson, 322 Ill.App.3d 164, 167-68, 255 Ill.Dec. 596, 749 N.E.2d 1078 (2d Dist.2001) (agreeing with Lathon's analysis); People v. Jones, 322 Ill.App.3d 236, 243, 255 Ill.Dec. 365, 749 N.E.2d 466 (3d Dist.2001) (section 5-5-3(c)(8) does not violate Apprendi); People v. Dixon, 319 Ill.App.3d 881, 886, 254 Ill.Dec. 244, 747 N.E.2d 1 (3d Dist. 2001) (following Lathon); People v. Givens, 319 Ill.App.3d 910, 913-14, 254 Ill.Dec. 396, 747 N.E.2d 436 (4th Dist.2001) (Apprendi does not render section 5-5-3(c)(8) unconstitutional).
In Lathon, the defendant was convicted of attempted residential burglary. Based on prior felony convictions, he was sentenced under section 5-5-3(c)(8) to the mandatory enhanced sentence. Lathon, 317 Ill.App.3d at 576, 251 Ill.Dec. 296, 740 N.E.2d 377. Lathon contended section 5-5-3(c)(8) was unconstitutional because it violated Apprendi's mandate that "`any fact (other than prior conviction) that increases the maximum penalty for a. crime must be charged in an indictment, submitted to a juror, and proven beyond a reasonable doubt.'" Apprendi, 530 U.S. at 476, 120 S.Ct. at 2355, 147 L.Ed.2d at 446, quoting Jones, 526 U.S. at 243 n.6, 119 S.Ct. at 1224 n. 6. 143 L.Ed.2d at 326 n. 6.
In Lathon, the court rejected the defendant's argument and noted that a defendant's recidivism is a narrow exception to the general rule articulated in Apprendi. Lathon, 317 Ill.App.3d at 587, 251 Ill.Dec. 296, 740 N.E.2d 377. Lathon further noted that the defendant's prior convictions were not an essential element of the underlying criminal offense and the prior convictions did not relate to the commission of the underlying offense. Lathon, 317 Ill.App.3d at 587, 251 Ill.Dec. 296, 740 N.E.2d 377. The court reasoned that a defendant's sentence is properly increased when the trial judge concludes that the evidence of the prior two convictions is accurate, reliable, and satisfies section 5-5-3(c)(8) statutory factors. Lathon, 317 Ill.App.3d at 587, 251 Ill.Dec. 296, 740 N.E.2d 377. The prior convictions are the result of proceedings in which the defendant had the right to a trial by jury and the State was required to establish his guilt beyond a reasonable doubt, and these safeguards "mitigate constitutional concerns regarding the defendant's due process rights and jury trial guarantees." Lathon, 317 Ill.App.3d at 587, 251 Ill.Dec. 296, 740 N.E.2d 377. For those reasons, the Lathon court held that when a defendant's punishment is increased based on prior convictions, the prior convictions need not be alleged in the charging document, submitted to the jury, or proven beyond a reasonable doubt. Lathon, 317 Ill.App.3d at 587, 251 Ill.Dec. 296, 740 N.E.2d 377. "[T]he mandatory Class X sentencing provision of section 5-5-3(c)(8), which provides for sentencing enhancement based on prior convictions, is constitutional and does not violate defendant's due process rights or jury trial guarantees." Lathon,. 317 Ill.App.3d at 587, 251 Ill.Dec. 296, 740 N.E.2d 377.
In agreeing with the Lathon analysis, the court in Watson, 322 Ill.App.3d at 167, 255 Ill.Dec. 596, 749 N.E.2d 1078, noted that cases considering application of the Apprendi recidivism exception have identified four reasons for not requiring the State to prove a defendant's prior convictions at the guilt-innocence phase of a trial.

*1209 "First, historically, recidivism has been `a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence.' [Citations.] Second, the prior convictions must themselves have been established through procedures that complied with due process. Thus, the rights of fair notice, proof beyond a reasonable doubt, and a jury trial inherent in due process have already been met with regard to these convictions. [Citations.] Third, prior convictions are `highly verifiable matters of record which need not be subject to jury inquiry.' [Citations.] Fourth, making prior convictions an element of the offense would force the State to put such evidence before the jury, which would severely prejudice the defendant." [Citations.] Watson, 322 Ill.App.3d at 167, 255 Ill.Dec. 596, 749 N.E.2d 1078.
These reasons support application of the Apprendi recidivism exception to the instant case. We hold that the Class X sentencing enhancement provision found in section 5-5-3(c)(8) did not violate defendant's due process and trial by jury guaranteed by the Constitution of the United States. We further note that this court has also upheld the minimum age and other ancillary elements of section 5-5-3(c)(8), finding that they are sufficiently intertwined with recidivism and distinct from the elements of the underlying offense to fall under the recidivism exception recognized in Apprendi. Jones, 322 Ill.App.3d at 243, 255 Ill.Dec. 365, 749 N.E.2d 466 (sequence of the prior offenses and subject's age fall under recidivism exception); Dunn, 326 Ill.App.3d at 289, 260 Ill.Dec. 94, 760 N.E.2d 511. For the reasons previously discussed, we reject defendant's argument that the State is required to submit to a jury and prove beyond a reasonable doubt defendant's age and prior convictions, and the timing, degree, number, and sequence of defendant's prior convictions.
IMPOSITION OF CLASS X FELONY SENTENCE PURSUANT TO SECTION 5-5-3(c)(8) DOES NOT VIOLATE THE ILLINOIS CONSTITUTION
Defendant contends that the Class X sentencing enhancement provision under section 5-5-3(c)(8) violates the right to trial by jury guaranteed by the Illinois Constitution. Defendant relies upon article I, section 13, which provides that "[t]he right of trial by jury as heretofore enjoyed shall remain inviolate." Ill. Const.1970, art. I, § 13. The Illinois Constitution of 1870 contains the same provision. Ill. Const. 1870, art. I, § 5. The Illinois Constitutions of 1818 (Ill. Const.1818, art. VIII, § 6) and 1848 (Ill. Const. 1848, art. XII, § 6), contain the same provision without the phrase "as heretofore enjoyed."
We note that the right to trial by jury is not defined in any of these provisions; however, the meaning of these similar provisions was explained in Sinopoli v. Chicago Rys. Co., 316 Ill. 609, 616, 147 N.E. 487 (1925), as follows:
"The right of trial by jury is not defined in either constitution. The provision in each means the same thing, which is the right of trial by jury as it existed at common law and was enjoyed at the adoption of the respective constitutions." Sinopoli, 316 Ill. at 616.
As recently articulated by the appellate court in People v. Pittman, 326 Ill.App.3d 297, 300, 260 Ill.Dec. 327, 761 N.E.2d 171 (2001), the right provided by article I, section 13, of the Illinois Constitution of 1970 is "`the common law right to jury trial as enjoyed at the time of the adoption of the 1970 Constitution.'" (Emphasis omitted.) Pittman, 326 Ill.App.3d at 300, 260 Ill.Dec. 327, 761 N.E.2d 171, quoting People ex rel. Daley v. Joyce, 126 *1210 Ill.2d 209, 215, 127 Ill.Dec. 791, 533 N.E.2d 873 (1988). Pittman addressed whether imposition of an extended-term sentence pursuant to sections 5-5-3.2(b)(1) and 5-8-2 violated defendant's right to a jury trial under the Illinois Constitution. Although section 5-5-3(c)(8) is at issue in the instant case, we find Pittman instructive. Defendant recognized that Pittman indicated that the rule that a prior conviction used to enhance a sentence should be alleged in the indictment is a rule that could be altered by statute. Pittman, 326 Ill.App.3d at 301, 260 Ill.Dec. 327, 761 N.E.2d 171.
We note that in addressing whether sentencing enhancement violated the Illinois Constitution, the Pittman court noted language in People v. Long, 4 Ill.2d 598, 603, 123 N.E.2d 718 (1955), stating that "`[u]nless controlled by statute,' it is the general rule that a prior conviction used to enhance the defendant's sentence, must be alleged in the indictment." Pittman, 326 Ill.App.3d at 301, 260 Ill.Dec. 327, 761 N.E.2d 171, quoting Long, 4 Ill.2d at 603-04, 123 N.E.2d 718. The Pittman court reasoned, however, that the phrase "unless controlled by statute" suggested that in Illinois this rule could be altered by statute and is not constitutionally based. Pittman, 326 Ill.App.3d at 301, 260 Ill.Dec. 327, 761 N.E.2d 171, citing Long, 4 Ill.2d at 603, 123 N.E.2d 718. Defendant argues that Pittman's reasoning is wrong in that "this particular common law principle cannot be superseded by statute, because, as previously mentioned, the Illinois Constitution protects it from hostile legislation."
In support of this argument, defendant relies on People v. Boykin, 298 Ill. 11, 21, 131 N.E. 133 (1921), which recognized that "[e]very fact necessary to sustain a sentence imposed by a court in a criminal case must be alleged in the information or in the indictment, and an indictment under which it is sought to impose a higher penalty by reason of a previous conviction must allege the fact of such conviction." Boykin, 298 Ill. at 21, 131 N.E. 133. That same argument was rejected in Pittman, where the court noted that while Boykin required prior convictions to be pled in the information and proved at trial, the decision was not based on any provision of the Illinois Constitution. Pittman, 326 Ill. App.3d at 301, 260 Ill.Dec. 327, 761 N.E.2d 171.
Pittman further reasoned as follows:
"Despite the fact that substantive differences exist between the federal and Illinois constitutional provisions providing the right to a jury trial, we find persuasive the United States Supreme Court's reasoning in carving out an exception whereby prior convictions used to enhance a sentence need not be proven beyond a reasonable doubt before a jury. The Apprendi Court noted that a defendant's prior conviction does not relate to the commission of the offense with which he stands charged and that the prior conviction is the result of proceedings in which the defendant had the right to a trial by jury and the State was required to establish his guilty beyond a reasonable doubt. Apprendi, 530 U.S. at 496, 120 S.Ct. at 2366, 147 L.Ed.2d at 458-59. We find that these safeguards `mitigate constitutional concerns regard, ing defendant's due process rights and jury trial guarantees.' People v. Lathon, 317 Ill.App.3d 573, 587, 251 Ill.Dec. 296, 740 N.E.2d 377 (2000)." Pittman, 326 Ill.App.3d at 301, 260 Ill.Dec. 327, 761 N.E.2d 171.
We note that Pittman was appealed to the Illinois Supreme Court, and that appeal was denied; we further note that the United States Supreme Court also denied certiorari Pittman, 326 Ill.App.3d at 297, 260 Ill.Dec. 327, 761 N.E.2d 171, appeal *1211 denied, 198 Ill.2d 628, 264 Ill.Dec. 329, 770 N.E.2d 223 (2002), cert. denied sub nom. Pittman v. Illinois, ___ U.S. ___, 123 S.Ct. 180, 154 L.Ed.2d 163 (2002). We find Justice Hofffman's reasoning in Pittman to be sound and elect to follow it in the instant case. See also Dixon, 319 Ill. App.3d at 886, 254 Ill.Dec. 244, 747 N.E.2d 1 (finding no reason "why this court should construe due process guarantees of this state's constitution more broadly than Apprendi interpreted due process under the United States Constitution"); Jones, 322 Ill.App.3d at 243, 255 Ill.Dec. 365, 749 N.E.2d 466. Increasing a sentence based on prior convictions does not violate the defendant's right to a jury trial pursuant to the Illinois Constitution. Pittman, 326 Ill.App.3d at 301, 260 Ill.Dec. 327, 761 N.E.2d 171. We hold that the Class X sentencing enhancement provision found in section 5-5-3(c)(8) of the statute controls and does not violate the defendant's right to a jury trial pursuant to the Illinois Constitution.

CONCLUSION
The defendant's prior convictions were the result of proceedings satisfying due process. Defendant did not challenge the accuracy of the previous convictions relied upon by the trial judge in imposing the enhanced nine-year Class X felony sentence pursuant to section 5-5-3(c)(8) of the Code. Regarding defendant's prior convictions, 6 were for armed robbery, 2 for aggravated robbery and 1 for attempted robbery. The record reflects that defendant pled guilty to several of the armed robbery charges which were used in aggravation to enhance his sentence in the instant case. In 1989 he pled guilty to 5 armed robbery charges and was sentenced to nine years concurrent in the Illinois State Penitentiary. He was paroled on July 6, 1992. On March 12, 1993, defendant pled guilty to attempted robbery and was sentenced to 30 months probation. On October 27, 1994, his probation was violated and he was sentenced to 5 years in the Illinois State Penitentiary. On October 28, 1994, he was sentenced to 10 years concurrent on 2 aggravated robbery charges and 1 armed robbery charge. Defendant was paroled on October 1, 1999. Fifteen months later, on January 10, 2001, the attempted aggravated robbery occurred in the instant case. The prior convictions are the result of proceedings in which the defendant had the right to a trial by jury and the State was required to establish his guilt beyond a reasonable doubt. These safeguards mitigate concerns regarding the defendant's due process rights and jury trial guarantees under the United States Constitution and the Illinois Constitution.
For the reasons previously discussed, we hold that the Class X sentencing enhancement provision of section 5-5-3(c)(8) does not violate the defendant's right to due process and trial by jury as guaranteed by the Constitution of the United States. We hold that the Class X sentencing enhancement provision of section 5-5-3(c)(8) does not violate the defendant's right to trial by jury as guaranteed by the Illinois Constitution.
Affirmed.
SHEILA M. O'BRIEN, P.J., and GALLAGHER, J., concur.