THE PEOPLE *ex rel.* THE VILLAGE OF WINNETKA, Plaintiff-Appellant, v. ELIZABETH DORNER, Defendant-Appellee.

First District (4th Division)   No. 1—88—1041

Opinion filed March 16, 1989.

Abell & Redding, of Winnetka (Jane Schulteis Muno, of counsel), for the People.

James P. Hilliard, of Chicago, for appellee.

JUSTICE LINN delivered the opinion of the court:

Following a bench trial, defendant, Elizabeth Dorner, was found

guilty of exceeding the speed limit while driving her automobile in a school zone. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—605.) The trial court sentenced defendant to a period of supervision and imposed a fine of $35. On appeal, plaintiff contends that the trial court erred in sentencing defendant to a period of supervision.

On December 14, 1987, defendant was arrested by an officer of the Winnetka police department and was charged under section 11—605 of the Illinois Vehicle Code with speeding in a school zone. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—605.) Defendant received a traffic citation which alleged that she had been travelling 42 miles per hour in a 20-miles-per-hour school-speed zone.

The case was tried on March 25, 1988, during the Winnetka routine traffic court call, the proceedings of which are not recorded. Defendant pleaded not guilty and executed a waiver of her right to a jury trial. After a bench trial, the trial judge found defendant guilty, sentenced her to a period of supervision, and imposed a fine of $35.

Section 5—6—1(c) of the Unified Code of Corrections defines the circumstances under which a sentence of supervision may be imposed. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—1(c).) Section 5—6—1(e) provides, however, that "[t]he provisions of paragraph (c) shall not apply to a defendant charged with violating paragraph (b) of Section 6—104, or Section 11—605 of The Illinois Vehicle Code or a similar provision of a local ordinance." (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—1(e).) Thus, section 5—6—1(e) clearly indicates that supervision is not a possible sentence for a violation of section 11—605 of the Illinois Vehicle Code, the offense for which defendant was convicted.

■ In construing statutes, the role of the court is to ascertain and give effect to the intent of the legislature (*Methodist Medical Center v. Taylor* (1986), 140 Ill. App. 3d 713, 489 N.E.2d 351; *Indian Valley Golf Club, Inc. v. Village of Long Grove* (1985), 135 Ill. App. 3d 543, 481 N.E.2d 277), and the plain meaning of the language used by the legislature is the safest guide in construing any act. *Indian Valley Golf Club, Inc. v. Village of Long Grove*, 135 Ill. App. 3d 543, 481 N.E.2d 277; *Illinois Publishing & Printing Co. v. Industrial Comm'n* (1921), 299 Ill. 189, 132 N.E. 511.

■ In the instant case, the relevant statutory language expressly provided that supervision was not a sentencing alternative for a conviction of speeding in a school zone in violation of section 11—605. The trial judge found defendant guilty of that offense but sentenced her to a period of supervision, contravening the plain meaning of the language of section 5—6—1(e). Consequently, we find that the defendant's sentence must be vacated and the cause remanded to the trial

court for imposition of a sentence in accordance with applicable statutes.

█ We note that defendant argues that the judgment entered by the trial court is not subject to review on appeal because plaintiff did not raise this issue before the trial court and because plaintiff failed to file a report of the proceedings conducted before the trial court. We find these arguments to be without merit. A void judgment is one entered by a court that lacks the inherent power to make or enter the particular order involved and may be attacked at any time, either directly or collaterally. (*People v. Wade* (1987), 116 Ill. 2d 1, 506 N.E.2d 954.) Because the trial court here lacked the inherent power to sentence defendant to supervision, that judgment is void and is subject to review even if not raised before the trial court.

█ Additionally, the failure to present a report of proceedings does not require dismissal or affirmance where the issues can be resolved on the record as it stands. (*Venturini v. Affatato* (1980), 84 Ill. App. 3d 547, 405 N.E.2d 1093.) Although the parties may disagree in their perceptions of the facts upon which defendant's conviction was based, the question presented is whether the trial court properly imposed a sentence of supervision for the offense. Thus, the issue before us is a question of law that does not require review of the testimony or arguments presented at trial. *Venturini v. Affatato*, 84 Ill. App. 3d 547, 405 N.E.2d 1093.

Finally, we must reject defendant's argument that the sentence of supervision should be affirmed because the evidence was insufficient to support a charge of speeding in a school zone where defendant testified that there were no children present on the street or outside the school at the time she was ticketed. The trial court found defendant guilty of the offense charged, and the sufficiency of the evidence presented at trial is not before us.

That portion of the judgment of the circuit court sentencing defendant to supervision is vacated, and the cause is remanded to the trial court for imposition of a sentence in accordance with applicable statutes.

Vacated in part and cause remanded.

JOHNSON and McMORROW, JJ., concur.