THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KENNETH REED, Defendant-Appellant.

Third District    No. 3—92—0128

Opinion filed December 3, 1992.

STOUDER, J., concurring in part and dissenting in part.

James Hatcher, of Hatcher & Rose, of Peoria, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island, and Raymond L. Beck, of Chicago (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Kenneth Reed, pleaded guilty to unlawful possession of a controlled substance and was sentenced to two years' probation (Ill. Rev. Stat. 1991, ch. 56½, par. 1402(b)). His probation was later revoked and he was sentenced to an extended term of five years' imprisonment. Reed appeals his sentence.

The record reveals that in January of 1991, Reed pleaded guilty to theft in a separate case in Mercer County. In September of 1991, he pleaded guilty to the instant offense in Rock Island County and was sentenced to two years' probation. In December of 1992, the State moved to have Reed's probation revoked because he had violated various terms of his probation. Following a hearing, the trial court granted the State's motion and ordered that Reed be sentenced to an extended term of five years' imprisonment in the Department of Corrections. The trial court further ordered that this sentence was to be served consecutively to any time in custody imposed in the Mercer County theft case, which was

numbered 90—CF—30. At the time the instant sentence was imposed, *no sentence* had been imposed in the Mercer County theft case.

On appeal, Reed contends that his Rock Island County sentence should be reversed and this cause remanded for resentencing or, alternatively, that his sentence be modified so that it would no longer be consecutive to his sentence in the Mercer County theft case.

In support of his request, Reed argues that sentences of imprisonment may not be made consecutive to other sentences *not yet imposed.* We agree.

Reed bases his arguments on *People v. Dennison* (1948), 399 Ill. 484, 78 N.E.2d 232. In *Dennison,* the supreme court noted that a judgment order which fails to clearly define the limits of sentences intended to run consecutively should be remanded for the imposition of a proper sentence.

The State responds that sentences ordered to run consecutively to anticipated sentences for parole revocations have been upheld as sufficiently complete when the case number of the parole revocation is in the record. *People v. Starnes* (1980), 88 Ill. App. 3d 1141, 411 N.E.2d 125; *People v. Covington* (1981), 92 Ill. App. 3d 598, 416 N.E.2d 61; *People v. Freeman* (1981), 95 Ill. App. 3d 297, 420 N.E.2d 163; see *People v. Akers* (1985), 137 Ill. App. 3d 922, 484 N.E.2d 1160.

We initially note that the cases cited by the State all involve situations where sentences were imposed consecutively to parole violations. As was noted in *Freeman,* the essential basis for the holdings in those cases was that the defendants had been previously sentenced and those sentences had not been expunged or altered.

Here, *no sentence* had been entered in the Mercer County theft case. Therefore, the sentence in the instant appeal should not have been made consecutive to a sentence which had not yet been imposed in the Mercer County case. Accordingly, we remand this cause for resentencing.

The sentencing order of the circuit court of Rock Island County is vacated, and the cause is remanded for further proceedings.

Vacated and remanded.

GORMAN, J., concurs.

JUSTICE STOUDER, concurring in part and dissenting in part:
I agree with my colleagues the trial court erred in imposing a sentence to be served consecutively with another sentence when, in fact, no other sentence had been as yet imposed.

My disagreement is with the conclusion the case should be remanded for resentencing. I believe that consistent with our holding all that is required is to vacate that portion of the sentence and mittimus referring to another offense for which no sentence has been imposed. This would leave in effect a determinate sentence for the crime before the trial court, which is all that was warranted at the time of sentence. There is no legal support for the imposition of a sentence affecting or binding a trial court in imposing a penalty for a subsequent sentence.

To the extent that the majority of the court implies the trial court may now impose a sentence which it could not have done at the time of the original sentence, it conveys the wrong message. I see no reason for not taking that course of action which would result in the imposition of a sentence which the trial court could and should have imposed at the time of original sentencing. By vacating the improper portion of the sentence, the valid interest of all parties concerned would be amply justified.