THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LLOYD SIMMONS, a/k/a Leroy Jones, Defendant-Appellant.

First District (2nd Division)   Nos. 1—92—0017, 1—92—1317, 1—92—1318 cons.

Opinion filed December 21, 1993.

Michael J. Pelletier and Barbara Kamm, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, William D. Carroll, and Eileen Rubin, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HARTMAN delivered the opinion of the court:

Defendant, Lloyd Simmons, appeals only his sentences stemming from two convictions and a revocation of probation for which he was given a 15-year prison term and a consecutive seven-year prison term.

On July 30, 1991, defendant was convicted of aggravated discharge of a firearm and unlawful use of a firearm by a felon. (Ill. Rev. Stat. 1991, ch. 38, pars. 24—1.1(a), 24—1.2 (now 720 ILCS 5/24—

1.1(a), 24—1.2 (West 1992)).) The circuit court placed him on 30 months' probation, over the State's objection that he was ineligible for probation because he had prior Class 2 felony convictions.

Subsequently, on December 20, 1991, the State filed an information against defendant under the name of Leroy Jones, charging that he committed the offenses of possession of a stolen motor vehicle (PSMV) and burglary on December 11. (Ill. Rev. Stat. 1991, ch. 38, par. 19—1(a) (now 720 ILCS 5/19—1(a) (West 1992)); Ill. Rev. Stat. 1991, ch. 95$^1$/2, par. 4—103(a)(1) (now 625 ILCS 5/4—103(a)(1) (West 1992)).) The circuit court adjudged defendant guilty of PSMV and burglary, and revoked his probation. He was sentenced to 15 years' imprisonment for violating his probation (Ill. Rev. Stat. 1991, ch. 38, par. 1005—6—4(e) (now 730 ILCS 5/5—6—4(e) (West 1992))) and to a consecutive seven-year prison term for PSMV and burglary.

On appeal, defendant contends that the original order placing him on probation is void because he was ineligible for probation; that the subsequent order revoking his probation is also void; and, consequently, that his 15-year sentence for violating probation must be vacated as void, and a portion of his consecutive seven-year sentence must also be vacated. The State counters that defendant waived this argument on appeal and, in the alternative, that his argument is fundamentally unfair.

We first address whether the original order placing defendant on probation is void. A judgment is void where the court lacks the inherent power to make or enter the particular order involved. (*People v. Wade* (1987), 116 Ill. 2d 1, 5, 506 N.E.2d 954.) A sentence is void for lack of inherent power where the court orders a lesser sentence than is mandated by statute. *Wade*, 116 Ill. 2d at 6; *People ex rel. Village of Winnetka v. Dorner* (1989), 181 Ill. App. 3d 25, 27, 536 N.E.2d 856.

*Wade* is dispositive of this issue. There, defendant pleaded guilty to robbery as part of a negotiated plea agreement in which the parties stipulated that defendant had no prior convictions. (*Wade*, 116 Ill. 2d at 4.) He was sentenced to time served and 36 months' probation. (*Wade*, 116 Ill. 2d at 4.) Nine months later, the court was informed that defendant had prior convictions which had made him ineligible for probation. (*Wade*, 116 Ill. 2d at 4.) The circuit court held that its order granting defendant probation was void because he was ineligible for probation due to his prior convictions. (*Wade*, 116 Ill. 2d at 4.) The Illinois Supreme Court affirmed, finding that the order granting defendant probation was void for lack of inherent power. *Wade*, 116 Ill. 2d at 4-7.

■ Here, defendant was ineligible to be placed on probation for

aggravated discharge of a firearm, a Class 1 felony conviction, because of his prior Class 2 felony convictions. (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—3(c)(2)(F) (now 730 ILCS 5/5—5—3(c)(2)(F) (West 1992)).) The court placed him on probation despite the State's objection that he was ineligible. As in *Wade*, the order placing defendant on probation is void because he was ineligible for probation due to his prior convictions. The court lacked the inherent power to order a sentence lesser than that mandated by statute. Consequently, we vacate as void the original order placing defendant on probation.

Because the underlying order of probation is void, the subsequent order revoking defendant's probation and the 15-year sentence imposed upon the revocation are likewise void. (*In re R.R.* (1982), 92 Ill. 2d 423, 430, 442 N.E.2d 252; *In re T.E.* (1981), 85 Ill. 2d at 326, 336, 423 N.E.2d 910; see also *People v. McCarty*, (1983), 94 Ill. 2d at 28, 40, 445 N.E.2d 298.) Accordingly, we vacate as void the order revoking defendant's probation and his 15-year sentence. We remand for resentencing on defendant's original convictions of aggravated discharge of a firearm and unlawful use of a firearm by a felon. See *Dorner*, 181 Ill. App. 3d at 26-27.

The State's waiver arguments fail. Challenges to void judgments may be raised at any time, irrespective of the principle of waiver. *People v. Terrell* (1989), 132 Ill. 2d 178, 230, 547 N.E.2d 145; *Wade*, 116 Ill. 2d at 5; *People v. McCarty* (1983), 94 Ill. 2d 28, 37-40, 445 N.E.2d 298; *In re T.E.* (1981), 85 Ill. 2d 326, 333-35, 423 N.E.2d 910.

We further reject the State's contention of fundamental unfairness. The State claims defendant is taking advantage of the court's leniency by now crying unlawfulness when, at first, he willingly accepted the lesser sentence of probation. The cases cited by the State, *People v. Stueve* (1977), 66 Ill. 2d 174, 361 N.E.2d 579, and *People v. Holzapple* (1956), 9 Ill. 2d 22, 136 N.E.2d 793, offer no support as neither involved a void order. The law concerning void sentences is clear and mandates our result. Moreover, defendant has not been advantaged here because, upon remandment, he will be ordered to serve the proper sentence on the original convictions.

■ Defendant additionally asks this court to vacate "that portion" of his seven-year sentence which makes it consecutive to the void 15-year sentence. Relying on *People v. Reed* (1992), 237 Ill. App. 3d 561, 604 N.E.2d 1107, he alleges that his seven-year sentence could not be made consecutive to a sentence which was void and thus did not exist. Defendant correctly notes that a void judgment is defined in part as "[o]ne which, from its inception is and forever continues to be absolutely null, without legal efficacy." Black's Law Dictionary 1574 (6th ed. 1990).

In *Reed*, the court held that "sentences of imprisonment may not

be made consecutive to other sentences *not yet imposed.*" (Emphasis in original.) (*Reed*, 237 Ill. App. 3d at 562.) The court in *Reed* based its decision upon *People v. Dennison* (1948), 399 Ill. 484, 78 N.E.2d 232. *Dennison* and its progeny held that a sentence should be complete enough for a nonjudicial officer to ascertain its meaning. (*People v. Ferguson* (1951), 410 Ill. 87, 92-98, 101 N.E.2d 522 (citing *Dennison* with approval, but noting its limited holding); *People v. Toomer* (1958), 14 Ill. 2d 385, 387, 152 N.E.2d 845; *People v. Starnes* (1980), 88 Ill. App. 3d 1141, 1149, 411 N.E.2d 125.) "A sentence to commence in the future must be so certain that the termination of the first term and the commencement of the second may be ascertained from the record without the necessity of construing or supplementing it." (*People v. Walton* (1969), 118 Ill. App. 2d 324, 333-34, 254 N.E.2d 190.) The emphasis in this line of cases, however, is on *identification.* (*People v. Freeman* (1981), 95 Ill. App. 3d 297, 301, 420 N.E.2d 163.) For example, a court may not order a sentence to run consecutive to "*any other sentence*" which the defendant was serving or may be imposed (emphasis added) (*Walton*, 118 Ill. App. 2d at 333-34), although it is proper for a court to order a sentence to run consecutive to another sentence that is specifically identified by case number or some other means. *Freeman*, 95 Ill. App. 3d at 301-02 (and authorities cited therein).

The court in *Reed* distinguished cases involving sentences that were imposed consecutively to sentences for parole violations. (*Reed*, 237 Ill. App. 3d at 562.) We find, however, that the same rules apply in such instances. For example, a court may not order a sentence "to run consecutive with any now pending sentence or any such further sentence received by virtue of a parole violation." (*People v. George* (1979), 75 Ill. App. 3d 140, 144-45, 393 N.E.2d 1182.) On the other hand, where the case number (*i.e.*, proper identification) of the parole revocation proceeding is in the record, sentences ordered to run consecutively to sentences for parole revocations have been upheld as sufficiently complete, even where those sentences are merely anticipated and have *not yet been imposed.* (See *Reed*, 237 Ill. App. 3d at 562 (and authorities cited therein).) For example, a court can order a sentence to run consecutive "to any prior convictions from this Court in 75—CF—230, 75—CF—231, and 76—CF—26," even where sentencing on those convictions has not yet occurred, but is anticipated in an upcoming parole revocation proceeding. *Starnes*, 88 Ill. App. 3d at 1149-50.

In the case *sub judice*, we are vacating defendant's 15-year sentence and remanding for resentencing in case number 91—CR—7595. The circuit court had ordered defendant's seven-year sentence

"to run consecutively with case #91CR7595." At the time this order was entered, defendant's sentence in case number 91—CR—7595 was void. Nevertheless, the court sufficiently identified the sentence it was to run consecutive to, as is required. Like in the cases involving parole revocation proceedings, it matters not that the actual sentence has yet to be imposed, because it is certain that the sentence will be imposed upon remandment. Accordingly, vacation of any portion of defendant's consecutive seven-year sentence would be improper. We affirm that sentence in full.

For the reasons set forth above, we vacate defendant's 15-year sentence for violation of parole and remand with instructions to resentence defendant on the original convictions. We affirm his consecutive seven-year sentence.

Vacated in part and remanded with instructions; affirmed in part.

McCORMICK, P.J., and SCARIANO, J., concur.