FIRST DIVISION
November 3, 2008

No. 1-07-1763

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| WALTER ALLEN, | ) | Honorable |
| | ) | Daniel P. Darcy, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE WOLFSON delivered the opinion of the court:

This case has taken a lengthy and tortuous path through the trial court and now to this court.  It began in early 2001 when a trial judge imposed a sentence that was not authorized by statute.

On November 3, 2000, defendant Walter Allen was convicted of possession of a controlled substance with intent to deliver within 1000 feet of a building used for religious worship.  Two months later, he was sentenced to 24 months' probation.  Less than a year into his sentence, the State filed a petition for violation of probation, alleging defendant's probation should be revoked in light of his arrest in April 2001 for first-degree attempt murder, attempt armed robbery, and aggravated battery with a firearm.  Defendant was convicted of the charges in 2005.  Following a probation revocation hearing on February 15, 2007,

the circuit court revoked defendant's probation and sentenced him to 25 years' imprisonment. Shortly after defendant's probation was revoked, we reversed defendant's 2005 convictions and sent the case back for a new trial in People v. Allen, 376 Ill. App. 3d 511, 875 N.E.2d 1221 (2007).

On appeal, defendant contends his probation violation conviction should be reversed because we have reversed and remanded the underlying conviction his probation violation was based on. In response to defendant's appeal, the State filed a separate motion with this court to void defendant's probation sentence for his 2000 possession conviction and remand for resentencing on the original charge, contending the sentence was void because defendant was Class X mandatory and statutorily ineligible for probation. We agree with the State.

FACTS

On November 3, 2000, defendant was convicted of possession of a controlled substance with intent to deliver within 1000 feet of a building used for religious worship. Following a sentencing hearing on January 10, 2001, the circuit court sentenced defendant to 24 months' probation: "so the remand is he should be discharged from County Jail. He is placed on probation, open mandate to T.A.S.C., under Section 91-1/2 [sic], which is taking into consideration the Mental Health Code." The State responded

that due to defendant's background, he should be sentenced to a mandatory Class X penitentiary sentence. The circuit court did not address the State's response. The presentence investigation report indicates defendant had six prior felony convictions, including three for residential burglary.

In the spring of 2001, two attempt armed robberies were committed at Four Star Dry Cleaners. During the second attempt robbery on April 17, 2001, Miye Goodson, an employee at the cleaners, was shot in the back. Defendant was initially arrested in connection with the first attempt robbery of the cleaners after he was identified in a photo array, but was tried only for attempt armed robbery and attempt murder in relation to the April 17 incident.

On August 10, 2001, the State filed a petition for violation of probation and warrant, arguing defendant's probation should be revoked in light of his arrest. Nothing much happened until October 5, 2005, when a jury found defendant guilty of first-degree attempt murder, attempt armed robbery, and aggravated battery with a firearm.

On February 15, 2007, the circuit court found defendant had violated his probation by committing the April 17, 2001, offenses. The State's evidence during the violation hearing consisted of the transcript of the 2005 trial testimony, the

trial exhibits, the trial stipulations, and the certificate of defendant's conviction. Defendant stipulated to the admission of all of the evidence. On April 17, 2007, defendant was sentenced to a 25-year prison term for the probation violation. The court denied defendant's motion for a new hearing and reduction of sentence. Defendant appealed.

On September 28, 2007, we reversed defendant's first-degree attempt murder, attempt armed robbery, and aggravated battery convictions and remanded the cause for a new trial in People v. Allen, 376 Ill. App. 3d 511, 875 N.E.2d 1221 (2007). We stayed defendant's appeal of the probation violation pending resolution of the State's petition for leave to appeal to the Illinois Supreme Court. After the supreme court denied the State's petition, defendant filed a motion to lift stay and for summary reversal of his conviction for probation violation. He contended that since the 2005 convictions were the sole basis for his probation violation, the violation must be vacated. In its response, the State agreed the stay should be lifted, but argued summary reversal was inappropriate in light of the remand for a new trial.

The State also filed a separate motion to vacate defendant's sentence on the 2000 possession conviction, contending, for the first time in a reviewing court, the probation sentence was void.

1-07-1763

The State contended defendant was ineligible for probation because he had several prior felony convictions and had been convicted of possession of a controlled substance with intent to deliver within 1000 feet of a building used for religious worship. See 720 ILCS 570/401(d) (West 2000); 720 ILCS 570/407 (West 2000). The State contended the circuit court's order of 24 months' probation was not authorized by statute. The State asked us to vacate as void his sentence on his 2000 possession of a controlled substance conviction, vacate the order revoking defendant's probation, and remand the cause for a new sentencing hearing.

On May 30, 2008, we: (1) denied defendant's motion for summary reversal; (2) denied without prejudice the State's motion to vacate as void defendant's sentence on his 2000 conviction for possession of a controlled substance; and (3) lifted the stay of defendant's appeal of his probation violation. We now consider the merits of defendant's appeal and the State's request that we void the probation.

DECISION

I. The State's Motion to Void Defendant's Sentence

    A. Void Sentence

    The State contends we must hold defendant's original sentence of 24 months' TASC probation for his 2000 conviction for

1-07-1763

possession of a controlled substance is void, relying on the same arguments raised in its motion to vacate sentence filed with this court.

A sentence which is contrary to a statutory requirement is void and may be attacked at any time, either directly or collaterally. See People v. Whitfield, 228 Ill. 2d 502, 510-11, 888 N.E.2d 1166 (2007), citing People v. Arna, 168 Ill. 2d 107, 113, 658 N.E.2d 107 (1995); People v. Wade, 116 Ill. 2d 1, 5-6, 883 N.E.2d 762 (1987). See also People v. Simmons, 256 Ill. App. 3d 651, 652, 628 N.E.2d 759 (1993).

Defendant contends, however, that the State lacks jurisdiction to bring a motion to void the probation sentence in this appeal, citing People v. Flowers, 208 Ill. 2d 291, 307, 802 N.E.2d 1174 (2004). In Flowers, the defendant filed a 604(d) motion to reject her guilty plea and reconsider her sentence, contending in part that the portion of her sentence authorizing the Department of Corrections to withhold a part of her prison income to pay court costs was void because the Unified Code of Corrections did not authorize the withholding. The circuit court denied the motion as untimely and defendant appealed. The appellate court reversed, holding that even though the defendant's 604(d) motion was untimely, the requirements of Rule 604(d) were not jurisdictional and could be excused when

1-07-1763

consideration of an unauthorized aspect of a sentence would better serve the ends of justice. Flowers, 208 Ill. 2d at 299.

Reversing the appellate court, the supreme court held "[a] void order does not cloak the appellate court with jurisdiction to consider the merits of an appeal." Flowers, 208 Ill. 2d at 307. Although the supreme court recognized a void order may be attacked at any time, the court held "the issue of voidness must be raised in the context of a proceeding that is properly pending in the courts." Flowers, 208 Ill. 2d at 308. "If a court lacks jurisdiction, it cannot confer any relief, even from prior judgments that are void." Flowers, 208 Ill. 2d at 308. The only matter properly before the appellate court was the circuit court's lack of jurisdiction over Flowers' untimely Rule 604(d) motion. Flowers, 208 Ill. 2d at 307. Because strict compliance with Rule 604(d) was a condition precedent to an appeal on the merits, the supreme court held the appellate court "had no authority to intervene and vacate the portion of Flowers' sentence authorizing 50% of her income to be withheld." Flowers, 208 Ill. 2d at 308-09.

We find Flowers does not apply to the facts before us. In this case, defendant properly and timely appealed his probation revocation conviction. The probation order, by way of defendant's probation revocation conviction, is the subject of

the appeal pending before us.  In light of the context of this appeal, we find we have jurisdiction to consider the question of whether the probation order is void.

In Wade, the defendant pled guilty to robbery as part of a negotiated plea agreement in which the parties stipulated that he had no prior convictions.  Under the plea agreement, the defendant was sentenced to 90 days in the Cook County Jail, with time considered served, and 36 months' probation.  Nine months later, the circuit court was informed by a probation officer that the defendant had previously been convicted of armed robbery and rape, which made him ineligible for probation under the Unified Code of Corrections.  The trial court held the order granting probation was void on the grounds that the defendant was not eligible at the time of sentencing, rejecting the defendant's argument that the court had lost jurisdiction 30 days after entering the sentencing order.  The defendant was allowed to withdraw his guilty plea.  Following a jury trial, he was found guilty of robbery and sentenced to nine years' imprisonment.  The appellate court affirmed the defendant's conviction.

On appeal, the defendant contended the circuit court did not have jurisdiction to vacate the sentence 11 months later.  The State countered that because the circuit court lacked authority to impose probation, the first sentencing order was void and

could be set aside at any time.  The supreme court noted that it had previously held a trial court "has an obligation to order the criminal penalties mandated by the legislature."  Wade, 116 Ill. 2d at 6, citing People ex rel. Carey v. Bentivenga, 83 Ill. 2d 537, 544, 416 N.E.2d 259 (1981).  "A trial court, upon determining guilt, has no authority to assess a fine or impose a sentence other than that provided by statute."  Wade, 116 Ill. 2d at 6.  The supreme court affirmed the defendant's conviction and sentence.

In Simmons, the defendant was convicted of aggravated discharge of a firearm and unlawful use of a firearm by a felon on July 30, 1991.  He was placed on 30 months' probation, over the State's objection that he was ineligible for probation because he had prior class 2 felony convictions.  On December 20, 1991, the State filed a petition for violation of probation, alleging the defendant committed the offenses of possession of a stolen motor vehicle and burglary.  The circuit court found defendant guilty of the violation and revoked his probation.  He was sentenced to 15 years' imprisonment for the probation violation.  On appeal, defendant contended the original order placing him on probation was void because he was ineligible for probation; that the subsequent order revoking his probation was also void; and, consequently, that his 15-year sentence for

violating probation must be vacated as void.

We noted a sentence is void for lack of inherent power where the court orders a lesser sentence than is mandated by statute. Simmons, 256 Ill. App. 3d at 652, citing Wade, 116 Ill. 2d at 6. The circuit court placed the defendant on probation despite the State's objection that he was ineligible in light of his prior felony convictions. Relying on Wade, we held the order placing him on probation was void because he was ineligible. Simmons, 256 Ill. App. 3d at 653. "The court lacked the inherent power to order a sentence lesser than mandated by statute." Simmons, 256 Ill. App. 3d at 653. Because the underlying order of probation was void, we held the subsequent order revoking the defendant's probation and the 15-year sentence imposed upon revocation of the probation were likewise void. We vacated the order revoking defendant's probation and his 15-year sentence, and remanded for resentencing on the defendant's original convictions. Simmons, 256 Ill. App. 3d at 653.

In this case, defendant was convicted in 2000 for possession of a controlled substance with intent to deliver within 1000 feet of a building used for religious worship, a Class 1 felony. See 720 ILCS 570/401(d), 407(b)(2) (West 2000). On January 10, 2001, the trial court sentenced defendant to 24 months' TASC

1-07-1763

probation.[1]

Section 40-10(a) of the Alcoholism and Other Drug Abuse and Dependency Act (Act) (20 ILCS 301/40-10 (West 2000)) provides, in relevant part, that:

> "If a court has reason to believe that an individual who is charged with or convicted with a crime suffers from alcoholism or other drug addiction and the court finds that he is eligible to make the election provided for under Section 40-5, the court shall advise the individual that he or she may be sentenced to probation and shall be subject to terms and conditions or probation under Section 5-6-3 of the Unified Code of Corrections."  20 ILCS 301/40-10(a) (West 2000).

Section 40-5(2) of the Act provides an addict or alcoholic who is charged with or convicted of a crime may elect treatment unless:

---

[1] Although the trial court indicated it was sentencing defendant to TASC probation under section 91 1/2 of the Dangerous Drug and Abuse Act (Ill. Rev. Stat. 1977, ch. 91 1/2, par. 120.1 et seq.), we note section 91 1/2 had already been replaced by section 40-10 of the Alcoholism and Other Drug Abuse and Dependency Act (20 ILCS 301/40-10 (West 2000)) at the time of defendant's sentencing hearing.

> "(2) the crime is a violation of Section
>
> 401(a), 401(b), 401(c) where the person
>
> electing treatment has been previously
>
> convicted of a non-probationable felony or
>
> the violation is non-probational, 401(d)
>
> where the violation is non-probational,
>
> 401.1, 402(a), 405 or 407 of the Illinois
>
> Controlled Substances Act ***."  20 ILCS
>
> 301/40-5(2) (West 2000).

Pursuant to section 40-5(2), defendant was statutorily ineligible to be placed on probation under section 40-10 of the Act because he was convicted of a crime under section 407 of the Illinois Controlled Substance Act.  See 20 ILCS 301/40-5(2) (West 2000).  Because defendant was ineligible for probation and was Class X eligible under section 5-5-3(c)(8) of the Unified Code of Corrections (730 ILCS 5/5-5-3(c)(8) (West 2000)), the trial court should have imposed a mandatory sentence of "not less than 6 years and not more than 30 years" imprisonment.  See 730 ILCS 5/5-8-1(a)(3) (West 2000).  Despite the State's repeated objections during the sentencing hearing that defendant was Class X mandatory and ineligible for probation, the trial court disregarded the sentencing scheme and imposed TASC probation.  "A trial court, upon determining guilt, has no authority to assess a

fine or impose a sentence other than that provided by statute." Wade, 116 Ill. 2d at 6.

Defendant contends that under the unique circumstances presented in this case, it would be unjust to apply the general rule that a void sentence can be challenged at any time nearly six years after the completion and expiration of his probationary period.

The State counters that personal service of a petition to revoke probation tolls the probation period until the hearing and disposition of the petition for violation, pursuant to section 5-6-4(a) of the Code (730 ILCS 5/5-6-4(a) (West 2000)). The State filed a petition for violation of probation and warrant on August 10, 2001, about 8 months into defendant's 2-year probation period.

Defendant was sentenced under section 40-10 of the Alcoholism and Other Drug Abuse and Dependency Act, not the Unified Code of Corrections. Section 40-10 of the Act, however, specifically provides "the court shall advise the individual that he or she *** shall be subject to the terms and conditions of probation under Section 5-6-3 of the Unified Code of Corrections." See 20 ILCS 301/40-10 (West 2000). One condition of probation is that a person on probation "not violate any criminal statute of any jurisdiction." 730 ILCS 5/5-6-3(a)(1)

1-07-1763

(West 2000).  Section 5-6-4(a) of the Code provides how revocation of probation should be initiated if a condition of probation, which is spelled out in section 5-6-3, is violated. See 730 ILCS 5/5-6-4(a) (West 2000).  We find defendant's probation period was tolled by the filing of the State's petition.  Moreover, we are bound by supreme court precedent, which clearly provides "a sentence which is contrary to a statutory requirement is void and can be corrected at any time."  (Emphasis added.)  Whitfield, 228 Ill. 2d at 510.

We also find the State's request to vacate defendant's probation violation conviction as void and remand the cause for resentencing on the 2000 possession charge does not constitute double jeopardy, as defendant contends.  Although the double jeopardy clauses of the United States and Illinois Constitutions protect a defendant from multiple punishments for the same offense (U.S. Const., amend. V; Ill. Const. 1970, art. I, § 10; People v. Janovic, 365 Ill. App. 3d 547, 549, 850 N.E.2d 238 (2006)), our supreme court has clearly said probation is not a "punishment" in the same sense as imprisonment is a punishment (Whitfield, 228 Ill. 2d at 519-20).  "[A] defendant sentenced to probation, and then sentenced for the same offense, is not subjected to an unconstitutional second punishment for double jeopardy purposes."  Whitfield, 228 Ill. 2d at 520.

-14-

1-07-1763

In light of <u>Wade</u> and <u>Simmons</u>, we find the order placing defendant on probation is void because the trial court "lacked the inherent power to order a sentence lesser than that mandated by statute." <u>Simmons</u>, 256 Ill. App. 3d at 653; <u>Wade</u>, 116 Ill. 2d at 4-7. Because defendant's probation sentence is void, we must vacate his probation revocation conviction and sentence and remand the cause for resentencing on the defendant's original drug conviction in accord with the proper statutory mandates.

B. Prosecutorial Vindictiveness

Defendant also contends the State's attempt to void his probation sentence--almost eight years after the sentence was entered--is an attempt to punish defendant for having won the appeal on his 2005 first-degree attempt murder, attempt armed robbery, and aggravated battery convictions. Defendant contends the State's efforts to void the sentence after he successfully appealed his 2005 convictions amount to prosecutorial vindictiveness.

Due process prohibits the State from punishing a defendant for exercising his right to appeal. <u>Blackledge v. Perry</u>, 417 U.S. 21, 28-29, 94 S. Ct. 2098, 2103, 40 L. Ed. 2d 628, 634-35 (1974). "A person convicted of an offense is entitled to pursue his statutory right to a trial de novo, without apprehension that the State will retaliate by substituting a more serious charge

-15-

1-07-1763

for the original one, thus subjecting him to a significantly increased potential period of incarceration." Blackledge, 417 U.S. at 28, 94 S. Ct. at 2103, 40 L. Ed. 2d at 634-35.

A presumption of prosecutorial vindictiveness is warranted where a prosecutor brings additional or more serious charges against a defendant after he has been convicted of an offense and has overturned his conviction. People v. Hall, 311 Ill. App. 3d 905, 911-12, 726 N.E.2d 213 (2000), citing Blackledge, 417 U.S. at 27-29, 94 S. Ct. at 2102-03, 40 L. Ed. 2d at 634-35. "When the presumption is not applicable 'a defendant in an appropriate case might prove objectively that the prosecutor's charging decision was motivated by a desire to punish him for doing something the law plainly allowed him to do.' " (Emphasis in original.) Hall, 311 Ill. App. 3d at 912, quoting United States v. Goodwin, 457 U.S. 368, 102 S. Ct. 2485, 73 L. Ed. 2d 74 (1982). Once a presumption of vindictiveness is established, the prosecution must come forward with objective evidence of a legitimate motivation for filing the charge. Hall, 311 Ill. App. 3d at 912. In this case, the State does not seek to bring an additional or more serious charge against the defendant.

Initially, we note the State's cavalier attitude toward the validity of defendant's probation sentence in this case. The State never filed a formal motion to void the probation sentence

-16-

during the probation revocation proceedings in the circuit court. Nor did the State seek a supervisory order from our supreme court to correct the illegal sentence entered in the possession case, as it was entitled to do. See Cinkus v. Village of Stickney Municipal Officers Electoral Board, 228 Ill. 2d 200, 220-21, 886 N.E.2d 1011 (2008) ("As a general rule, this court will issue a supervisory order only when the normal appellate process will not afford adequate relief and the dispute involves a matter important to the administration of justice, or intervention is necessary to keep an inferior tribunal from acting beyond the scope of its authority.")

Contrary to defendant's contention, however, the State did not sit idly by until after defendant's 2005 convictions were overturned by this court. The record reflects the State vigorously argued defendant's sentence of probation was void before it presented evidence during the probation revocation hearing, which occurred several months before our reversal of defendant's conviction in Allen. The State also strenuously objected to the probation sentence during the original sentencing hearing in the underlying possession case, arguing defendant should be sentenced to a mandatory Class X penitentiary sentence in light of his criminal background.

In response to defendant's argument during the revocation

-17-

hearing that he could not have been sentenced to a Class 1 felony because he received probation, the State said:

> "This defendant never should have been sentenced to probation by Judge Himel or TASC or mental health probation. He should have been sentenced six to thirty years in the Illinois Department of Corrections. *** As far as Judge Himel is concerned, he entered a void sentencing order and it has no meaning to this Court and it should have no meaning in his violation of probation hearing. He got that probation. He was on probation. And we are not restricted by that sentence. In fact, the Court is obligated in this case to correct what Judge Himel did and give him what he deserves, which is a sentence commensurate with the mandatory X felon, six to thirty years in the Illinois Department of Corrections."

In response to the State's contentions, the trial court said, "The sentence that Judge Himel gave him, whether it was an illegal sentence or an improper sentence, I don't think has anything to do with what we do here."

1-07-1763

Defendant contends that although the State was aware defendant's probation sentence was void since his initial sentencing hearing in 2001, the State made no attempt to void the sentence until defendant's probation violation hearing on February 15, 2007. We fail to see that the State had an earlier opportunity to raise the issue before this court. The record does not indicate defendant appealed his 2000 possession conviction, and the State does not have the right to directly appeal sentencing orders under Supreme Court Rule 604(a). 188 Ill. 2d R. 604(a) ("In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114-1 of the Code of Criminal Procedure of 1963.") No reported case of prosecutorial vindictiveness exists that covers the facts present here--the probation sentence is void and the State raised the voidness issue during the original sentencing and probation revocation proceedings.

In light of the record before us, we find the State's attempt in this appeal to void defendant's probation sentence and remand the cause for resentencing does not amount to prosecutorial vindictiveness. Because we have determined defendant's probation sentence was void, we need not address his remaining contentions.

-19-

CONCLUSION

We void defendant's probation sentence, vacate his probation revocation conviction and sentence, and remand the cause for resentencing only on defendant's 2000 possession of a controlled substance conviction in accordance with the proper statutory mandates.

Probation vacated; cause remanded for resentencing.

R. GORDON, P.J., and HALL, J., concur.

REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT
(Front Sheet to be Attached to Each Case)

| | |
|---|---|
| Please use following form:<br><br>Complete<br>TITLE<br>of Case | THE PEOPLE OF THE STATE OF ILLINOIS,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>WALTER ALLEN,<br><br>Defendant-Appellant. |
| Docket Nos.<br><br>COURT<br><br>Opinion<br>Filed | No. 1-07-1763<br><br>Appellate Court of Illinois<br>First District, 1st Division<br><br>November 3, 2008<br><br>(Give month, day and year) |
| JUSTICES | JUSTICE WOLFSON delivered the opinion of the court:<br><br>R. GORDON, P.J., and HALL, J., concurs. |
| APPEAL from the Circuit Court of Cook County; the Hon._____, Judge Presiding. | Lower Court and Trial Judge(s) in form indicated in margin:<br><br>Appeal from the Circuit Court of Cook County.<br><br>The Hon. Daniel P. Darcy, Judge Presiding. |
| For APPELLANTS, John Doe, of Chicago.<br><br>For APPELLEES, Smith and Smith, of Chicago<br><br><br>Joseph Brown, of counsel). Also add attorneys for third-party appellants and/or appellees. | Indicate if attorney represents APPELLANTS or APPELLEES and include attorneys of counsel. Indicate the word NONE if not represented.<br><br>For Appellant, Sean C. Herring, Justin A. Houppert, and John J. Hamill, JENNER & BLOCK LLP, of Chicago.<br><br>For Appellee, Richard A. Devine, State's Attorney of Cook County, of Chicago. (James E. Fitzgerald, Alan J. Spellberg, and Janet C. Mahoney, of Counsel.)<br><br><br>(USE REVERSE SIDE IF NEEDED) |