2021 IL App (1st) 192062

No. 1-19-2062

Opinion filed November 22, 2021

First Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 CR 7398 |
| | ) | |
| KESYON HEARD, | ) | Honorable |
| | ) | James Michael Obbish, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WALKER delivered the judgment of the court, with opinion.
Justices Pucinski and Coghlan concurred in the judgment and opinion.

**OPINION**

¶ 1      Following a bench trial, the trial court found Kesyon Heard guilty of possessing two-tenths

of a gram of MDMA, a controlled substance commonly called ecstasy. Heard argues on appeal

that the judge violated his right to due process by making factual findings with no basis in the

evidence. We hold that the judge prejudicially misremembered the testimony when he found Heard

confessed that he knew the bag police found held narcotics. Because we find that a retrial would

violate the constitutional bar against double jeopardy, we reverse the conviction without remand.

¶ 2                          I. BACKGROUND

¶ 3      Heard was charged by indictment with possessing less than 15 grams of a substance containing methylenedioxymethamphetamine (MDMA). Prior to trial, Heard filed a motion to quash arrest and suppress evidence, which argued that his arrest following a traffic stop violated the fourth amendment.

¶ 4      On July 25, 2019, the trial court held a hearing on Heard's motion. Chicago police officer Christian Szczur testified that, around 8:40 p.m. on April 30, 2018, he drove a patrol vehicle with two other officers. Szczur observed a vehicle disregard a stop sign near Thomas Street and Laramie Avenue. The officers followed the vehicle for two or three blocks before curbing it. Szczur exited his vehicle, activated his body-worn camera, and approached the curbed vehicle. Szczur identified Heard in court as the vehicle's driver. There was also a front seat passenger.

¶ 5      Szczur asked if there were narcotics or weapons in the vehicle, which Heard denied. Szczur then observed a knotted plastic bag protruding from the center console. Szczur asked about the bag, and Heard handed it to Szczur. When defense counsel asked if Heard indicated what the bag contained, Szczur testified: "I believe he told me it was dust. Based on my training and experience, it looked to be a crushed pill of MDMA, ecstasy." The bag contained a crushed, fluorescent-colored pill, a typical color of ecstasy. The following exchange then occurred:

> "Q. After he gave you that item, what did you do?
>
> A. I asked him what it is, and he told me it was ecstasy, I believe.
>
> Q. You believe or is that the word you ascribe to that item, and he just said dust?
>
> A. I think I asked him if it was ecstasy and he told me yes."

¶ 6     Szczur then testified that he did not recall whether Heard stated that the bag contained dust or ecstasy, and the State stipulated to the foundation of Szczur's body-worn camera footage. The video was published and is included in the record on appeal.

¶ 7     In the video, Szczur asks what is in a small, knotted bag near the center console and whether it contains narcotics. Heard hands the bag to Szczur. Szczur inspects the bag and asks whether it contains ecstasy. Heard responds that it is "dust," "old dust." Szczur asks, "Old dust of what?" Heard mumbles in response and adds that the bag "was in the car already."[1] Szczur asks Heard to exit the vehicle, handcuffs him, and pats him down. Heard states that the vehicle is not his.

¶ 8     After the video was played, defense counsel asked Szczur to clarify whether Heard indicated that he knew there was ecstasy in the bag. Szczur responded that Heard did not acknowledge that the bag contained ecstasy and only stated that "it was in the car." On cross-examination, Szczur testified that the bag was in plain view and Szczur suspected, based on his training and experience, that the knotted bag was narcotics packaging.

¶ 9     The court denied Heard's motion, stating:

"The video clearly shows the officer approaching the driver, asking him for his driver's license and insurance, then also asking the defendant what's in that bag. Heard reaches over, produces it ultimately, and acknowledges that it's dust or something like that, but based on the officer's observation of a bag which is typical of narcotics packaging, as this court has heard more times than I care to remember during the course of my experience here as a judge."

---

[1]In his brief on appeal, Heard posits that the phrase he mumbled in response to Szczur's inquiry was "I don't know." In the video, however, Heard's statement is unintelligible.

¶ 10   The case proceeded immediately to a bench trial. The State entered stipulations to Szczur's testimony during the suppression hearing and to the admission into evidence of Szczur's body-worn camera footage. The State also entered stipulations that Szczur would testify that he kept the suspect narcotics in his control until he inventoried them and that a forensic scientist would testify that the suspect narcotics tested positive for 0.2 grams of MDMA.

¶ 11   Following closing arguments, the court found Heard guilty. The court noted that, "at worst," Heard jointly possessed the narcotics, then concluded:

> "The defendant has got the suspect—then suspect, now we know to be—
> MDMA within inches of his arm. Never said 'oh, I don't know what this is' or
> anything else. And then acknowledges that it is dust, which is a street term for the
> drug commonly known as ecstasy.
>
> Heard will be found guilty."

¶ 12   Heard filed a motion for a new trial. Following a hearing on September 19, 2019, the trial court denied the motion. The court stated:

> "All right. The defendant was questioned, asked if there were any weapons
> in the car. He said no. He was then asked about a plastic bag in the central console
> between the defendant and the passenger. It was the defendant who took the bag
> and said it was nothing but just some dust, which is a common term according to
> the police officer for a particular controlled substance which is what it turned out
> to be. So, motion for a new trial will be respectfully denied."

¶ 13   Following a hearing, Heard was sentenced to one year of probation.

¶ 14                                    II. ANALYSIS

¶ 15    On appeal, Heard contends that the trial judge violated his right to due process when the judge misremembered crucial evidence. The State contends that Heard waived the issue. After the trial, the judge stated on the record that he based the finding of guilt, in part, on Heard's statement to Szczur that the bag contained dust. The judge did not indicate what evidence supported the judge's finding that "dust *** is a street term for the drug commonly known as ecstasy." Also, the judge did not clarify that he based his understanding of the term "dust" on the testimony of the officer until the judge ruled on the motion for a new trial. The State does not explain how Heard could have raised the issue of the judge's misremembering of the evidence before this appeal. Heard adequately preserved the issue by raising it as soon as possible after the judge's ruling on the motion for a new trial. *Wolfe v. Menard, Inc.*, 364 Ill. App. 3d 338, 351-52 (2006); *United States v. Farrington*, 783 F. App'x 610, 612-13 (7th Cir. 2019).

¶ 16    Failure of the trial court to correctly recall crucial evidence is a denial of defendant's right to due process. *People v. Mitchell*, 152 Ill. 2d 274, 323 (1992).

> "[T]he deliberations of the circuit judge in a bench trial are limited to the record made before him or her during the course of the trial. [Citations.] A judge's determination, based upon a private investigation or private knowledge of the court, untested by cross-examination or any of the rules of evidence, constitutes a denial of due process." *People v. Dunn*, 326 Ill. App. 3d 281, 286 (2001).

Whether a defendant's due process rights have been denied is an issue of law, and thus, our review is *de novo*. *People v. Williams*, 2013 IL App (1st) 111116, ¶ 75.

¶ 17    The judge held that Szczur's testimony showed that Heard knew he had drugs when he said the bag had "just some dust." Szczur's testimony contradicts the judge's finding. Szczur testified

that Heard did not acknowledge that the bag held drugs. That is, Szczur clarified that he did not treat Heard's statement that the bag held "dust" as use of a name for ecstasy.

¶ 18 The State offered no evidence to support the judge's finding that "dust *** is a street term for the drug commonly known as ecstasy." The State contends that the trial judge could rely on his own knowledge of street names for drugs, but we find that the judge is not at liberty to take judicial notice of the meaning of slang expressions. Therefore, there must be some admitted evidence of the meaning of the slang expression.

¶ 19 "[T]o convict an individual of unlawful possession of a controlled substance, the State must prove that the defendant had knowledge of the presence of the controlled substance." *People v. Woods*, 214 Ill. 2d 455, 466 (2005). No evidence supports the circuit judge's finding that Heard identified the two-tenths of a gram of a substance found in a plastic bag as ecstasy when he said it was "just some dust." We presume the trial judge considered only competent evidence, "unless that presumption is rebutted by affirmative evidence in the record." *People v. Simon*, 2011 IL App (1st) 091197, ¶ 91. Here, the trial judge expressly relied on his misremembering of the testimony of Szczur for his finding that Heard knew he possessed narcotics. The judge remembered Szczur as testifying that "dust" meant ecstasy, while the transcript of the trial shows that Szczur did not so testify. The court's misremembering prejudiced Heard. We must reverse the conviction.

¶ 20 Although Heard has not challenged the sufficiency of the evidence, "to avoid the risk of subjecting [him] to double jeopardy on remand of this cause, we are required to review the sufficiency of the evidence." *In re Marriage of Alltop*, 203 Ill. App. 3d 606, 616 (1990). The officer found a plastic bag that held a substance that looked to the officer like a crushed pill. Testing showed the bag held two-tenths of a gram of MDMA.

¶ 21    The State presented no evidence that Heard possessed any contraband or drug paraphernalia. Heard did not act evasively or show any recognition that he had handed the officer a controlled substance. The State presented no evidence of sale or delivery of the substance, and the complete lack of any attempt to hide the bag further supports the inference that Heard did not know the bag held a controlled substance. We find that there is no basis in the record for concluding that Heard knew the bag held narcotics. Where a defendant possesses such a minute amount of a controlled substance with no further evidence that he knew the nature of the substance, the evidence cannot support a conviction for possession of a controlled substance. Because the State did not present sufficient evidence to support a conviction, retrial would violate principles of double jeopardy. See *People v. Taylor*, 76 Ill. 2d 289, 309 (1979).

¶ 22    III. CONCLUSION

¶ 23    The trial judge erred by basing his finding that Heard knew he had drugs on the belief, unsupported by evidence, that, when Heard said the bag held "just some dust," Heard meant the bag held the drug MDMA. The unsupported finding, and the misremembering of Szczur's testimony as support for the finding, deprived Heard of his right to a fair trial. Because a retrial would violate double jeopardy principles, we reverse the conviction without remand.

¶ 24    Reversed.

---

**No. 1-19-2062**

---

| | |
|---|---|
| **Cite as:** | *People v. Heard*, 2021 IL App (1st) 192062 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 18-CR-7398; the Hon. James Michael Obbish, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Daniel H. Regenscheit, of State Appellate Defender's Office, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (John E. Nowak, Tasha-Marie Kelly, and Koula A. Fournier, Assistant State's Attorneys, of counsel), for the People. |

---